1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  BOB B. BENYAMIN, individually and on behalf of all others 10  similarly situated, | No. 2:23-CV-00303-JAM-DB |
| 11              Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'** |
| 12       v. | **MOTION TO DISMISS** |
| 13  TOPGOLF PAYROLL SERVICES, LLC; TOPGOLF INTERNATIONAL, INC.; 14  TOPGOLF USA ROSEVILLE, LLC; and DOES 1 through 20, inclusive, | |
| 15 16              Defendants. | |

17      Plaintiff Bob B. Benyamin ("Plaintiff") brings this putative

18  class action against his former employer, Defendants Topgolf

19  Payroll Services, LLC, Topgolf International, Inc., Topgolf USA

20  Roseville, LLC, and various fictitious persons (collectively

21  "Defendants"), for violating California's labor laws.  See First

22  Amended Compl. ("FAC"), ECF No. 11.  Defendants move to dismiss

23  or, in the alternative, strike some of Plaintiff's claims.  See

24  Mot. to Dismiss ("Mot."), ECF No. 13.  Plaintiff opposed and

25  Defendants replied.  See Opp'n, ECF No. 14; Reply, ECF No. 15.[1]

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for May 9, 2023.

1

I.    BACKGROUND

2        Defendants employed Plaintiff from approximately August 2016

3 to May 2022.  See FAC ¶ 9.  Although Plaintiff states he

4 generally "worked [forty] hours per week, [five] days per week,

5 and [eight] hours per day" during his tenure with Defendants, he

6 provides few other details about his job.  Id.  Nonetheless,

7 Plaintiff contends Defendants violated several California wage

8 and hour laws by failing to: (1) pay minimum and overtime wages;

9 (2) provide meal periods; (3) permit rest breaks; (4) reimburse

10 business expenses; (5) furnish accurate itemized wage statements;

11 and (6) pay all wages due upon his employment's termination.

12 Plaintiff also contends other employees incurred similar

13 treatment.  See FAC ¶¶ 17-24(e).

14        As a result, Plaintiff filed a class action complaint

15 against Defendants in Placer County Superior Court seeking to

16 represent two employee classes.  See Exh. A to Not. of Removal,

17 ECF No. 1.  Defendants removed the case to this Court, alleging

18 jurisdiction under the Class Action Fairness Act of 2005.  Id. at

19 2; 28 U.S.C. § 1332(d).  Plaintiff then filed his first amended

20 complaint ("FAC"), containing the following eight claims:

21        1.    Failure to pay minimum wages under California Labor

22 Code ("Labor Code") sections 246, 1194, 1194.2, 1197, and

23 Industrial Welfare Commission ("IWC") Order sections 3, 4, FAC

24 ¶¶ 36-42;

25        2.    Failure to pay overtime wages under Labor Code sections

26 510, 1194, 1198, and IWC Order section 3, id. ¶¶ 43-54;

27        3.    Failure to provide meal periods under Labor Code

28 sections 226.7, 512, and IWC Order section 11, id. ¶¶ 55-63;

1   4. Failure to permit rest breaks under Labor Code section

2 226.7 and IWC Order section 12, <u>id.</u> ¶¶ 64-70;

3   5. Failure to reimburse expenses under Labor Code sections

4 2800 and 2802, <u>id.</u> ¶¶ 71-78;

5   6. Failure to provide accurate itemized wage statements

6 under Labor Code section 226, <u>id.</u> ¶¶ 79-84;

7   7. Failure to pay all wages owed upon employment's

8 termination under Labor Code sections 201, 202, 203, and 227.3,

9 <u>id.</u> ¶¶ 85-90; and

10   8. Violation of California's Unfair Competition Law

11 ("UCL"), Cal. Bus. & Prof Code §§ 17200 et. seq.; <u>id.</u> ¶¶ 91-102.

12  Defendants move to dismiss the third, fourth, fifth, and

13 eighth claims under Rule 12(b)(6). <u>See</u> Mot. at 1. They also

14 move to dismiss or, in the alternative, strike all of Plaintiff's

15 class claims, strike Plaintiff's request for injunctive relief

16 and statutory penalties under the UCL, and strike Plaintiff's

17 paid sick leave and vacation pay allegations. <u>See id.</u>

18  However, Rule 12(f), which governs motions to strike, is

19 meant to prevent unnecessary expenditures of time and money

20 arising from "spurious issues," not to weigh legal claims. <u>See</u>

21 <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th

22 Cir. 2010) (internal citation and quotations omitted). In turn,

23 given 12(f) and 12(b)(6) motions apply similar evidentiary

24 standards and district courts' practice of converting the former

25 into the latter accordingly, this Court will treat Defendants'

26 motion to strike as one to dismiss for failure to state a claim.

27 <u>See</u> <u>Lingle v. Centimark Corp.</u>, No. 2:22-CV-01471-KJM-JDP, 2023 WL

28 2976376, at *2 (E.D. Cal. Apr. 17, 2023) (converting 12(f) motion

1   to 12(b)(6) motion because "motions to strike under Rule 12(f)

2   and motions to dismiss for failure to state a claim under Rule

3   12(b)(6) resemble one another as far as evidentiary standards and

4   proof are concerned. . . .").

5

6                        II.   OPINION

7        A.   Legal Standard

8        When weighing a motion to dismiss, courts "accept factual

9   allegations in the complaint as true and construe the pleadings

10  in the light most favorable to the nonmoving party." Manzarek v.

11  St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.

12  2008).  However, "a complaint must contain sufficient factual

13  matter, accepted as true, to 'state a claim to relief that is

14  plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937,

15  1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955,

16  1974 (2007)).  Facial plausibility exists when "the plaintiff

17  pleads factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the

19  misconduct alleged." Id.  However, "a formulaic recitation of a

20  cause of action's elements will not do." Twombly, 127 S. Ct. at

21  1965.  Such statements are "legal conclusion[s] couched as

22  factual allegation[s]" that must be dismissed. Papasan v.

23  Allain, 106 S. Ct. 2932, 2944 (1986).

24       B.   Analysis

25            1.   Failure to Provide Meal and Rest Periods (Claims

26                 Three and Four)

27       California law requires employers to provide employees with:

28  (1) a thirty-minute meal period for every five hours worked; and

                              4

(2) a ten-minute rest period for every four hours worked.  See Cal. Lab. Code § 512(a), IWC Wager Order § 12.  Employers cannot require employees to work through a meal or rest period.  See Cal. Lab. Code § 226.7(b).  Furthermore, an employer must pay an additional hour of pay for each workday that a meal period or rest break is withheld.  Id.

Plaintiff alleges Defendants failed to provide required meal and break periods to him and class members.  Regarding the former, Plaintiff respectively "estimates," FAC ¶ 29, and asserts:

(1) "Defendants failed to provide him a timely [thirty]-minute uninterrupted meal period once per month throughout his employment," id. ¶ 29; and

(2) "Plaintiff and [c]lass [m]embers did not receive compliant meal periods for working more than five [] and ten [] hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period." Id. ¶ 60.

Regarding the latter, Plaintiff respectively "estimates," id. ¶ 30, and alleges:

(1) "Defendants failed to provide him a [ten]-minute, uninterrupted rest period [eighty to ninety percent] of his shifts throughout his employment," id. ¶ 30; and

(2) "Plaintiff and class members did not receive a ten [] minute rest period for every four [] hours or major fraction thereof worked . . . because they were required to work through their rest periods and/or were not authorized to take their rest periods." Id. ¶ 67.

1    Plaintiff attributes the withholding of these periods to

2    Defendants' "policy and practice of applying extreme pressure to

3    Plaintiff and [c]lass [m]embers to meet service standards."  Id.

4    ¶ 29; see also id. ¶ 30.  Plaintiff further suggest this policy

5    "made it difficult" to take meal or rest periods "because

6    Defendants failed to maintain adequate staffing levels to ensure

7    coverage" during such breaks.  Id. ¶ 29; see also id.¶ 30.

8         Defendants, in response, argue Plaintiff fails to state a

9    viable claim because he does not: (1) identify a shift where he

10   worked enough hours to trigger entitlement to a meal or rest

11   break; (2) plead one occasion where he was impeded from taking a

12   required meal or rest break; and (3) provide factual allegations

13   describing Defendants' actions preventing him from taking

14   complaint meal and rest periods.  See Mot. at 3.  The Court

15   agrees with Defendant.

16        Although Plaintiff "estimates," FAC ¶ 29, Defendants

17   withheld a thirty-minute uninterrupted meal period once a month

18   during his employment, Plaintiff fails to plead he worked the

19   requisite hours requiring such breaks.  For example, Plaintiff

20   does not point to one instance where he worked five or ten hours

21   and was then denied a meal period.  Instead, Plaintiff only

22   alleges Defendants deprived him of "timely" and "compliant" meal

23   breaks. FAC ¶ 29, 60.  The same is true of Plaintiff's

24   allegations regarding rest periods.  Again, Plaintiff's FAC lacks

25   any factual allegations suggesting he worked more than four hours

26   without receiving a ten-minute break.  In turn, Plaintiff's

27   contentions are "legal conclusion[s] couched as factual

28   allegation[s]" that contravene the Ninth Circuit's ruling in

6

1    <u>Landers v. Quality Commc'ns, Inc.</u>, 771 F.3d 638 (9th Cir. 2014)

2    requiring Plaintiff to plead a specific instance where he was

3    denied a mandated meal or rest break despite working the

4    appropriate hours.  <u>See</u> <u>Guerrero v. Halliburton Energy Servs.,</u>

5    <u>Inc.</u>, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal.

6    Nov. 2, 2016) (stating "[t]he requirement in Landers that a

7    plaintiff must plead a specific instance of alleged wage and hour

8    violations also applies to claims about missed meal and rest

9    periods.").

10        The Court's conclusion finds further support in the lack of

11   factual allegations regarding Defendants' actions that stopped

12   Plaintiff from taking meal and rest periods.  As this Court

13   previously stated, "failing to describe what an employer actually

14   told plaintiff or did to interfere with meal periods and rest

15   breaks[] results in allegations that are 'factually lacking and

16   border on wholly conclusory.'"  <u>See</u> <u>Krauss v. Wal-Mart, Inc.</u>, No.

17   2:19-CV-00838-JAM-DB, 2019 WL 6170770, at *2 (E.D. Cal.

18   Nov. 20, 2019), quoting <u>Chavez v. RSCR California, Inc.</u>, No.

19   2:18-CV-03137-JAM-AC, 2019 WL 1367812 at *3 (E.D. Cal.

20   Mar. 26, 2019).  Here, Plaintiff simply alludes to a policy that

21   made taking meal or rest periods difficult—not prohibit their

22   occurrence entirely.  <u>See</u> FAC ¶¶ 29, 30.  Furthermore, Plaintiff

23   provides no details describing Defendants' behavior or

24   instructions impeding him from taking complaint meal or rest

25   breaks.  The Court therefore finds the FAC "fails to set forth

26   facts showing what types of controls or restrictions precluded

27   Plaintiff[] from taking meal and rest breaks."  <u>Morrelli v.</u>

28   <u>Corizon Health, Inc.</u>, No. 1:18-CV-1395-LJO-SAB, 2018 WL 6201950,

                                      7

1    at *3 (E.D. Cal. Nov. 28, 2018).  Without such details,

2    Plaintiff's allegations are nothing more than conclusory

3    statements that cannot withstand a 12(b)(6) motion.

4       Lastly, Plaintiff alleges Defendants maintained a policy of

5    putting the onus on Plaintiff and class members to inform

6    Defendants if a complaint meal or rest break was withheld.  See

7    Opp'n at 3; see also FAC at ¶ 29.  Plaintiff argues this policy

8    runs afoul of the California Supreme Court's holding in Donohue

9    v. AMN Servs., LLC, 11 Cal. 5th 58, 74, 481 P.3d 661, 672 (2021),

10   where it determined "[i]f an employer's records show no meal

11   period for a given shift over five hours, a rebuttable

12   presumption arises that the employee was not relieved of duty and

13   no meal period was provided."  Plaintiff argues "he specifically

14   alleged [] Defendants maintained a written policy that unlawfully

15   placed the onus on employees to notify Defendants of noncompliant

16   meal periods when its records shows a noncompliant meal" and that

17   these allegations are "enough at the pleading stage."  Opp'n at

18   4.  But the FAC lacks factual assertions suggesting Defendants'

19   records indicate Plaintiff was deprived of a complaint meal

20   break.  Plaintiff cannot overcome a motion to dismiss by relying

21   on facts absent from his complaint.  See Karoun Dairies, Inc. v.

22   Karoun Dairies, Inc., No. 08CV1521-L WVG, 2010 WL 3633109, at *8

23   (S.D. Cal. Sept. 13, 2010) ("[W]hen ruling on a motion to

24   dismiss, [the court] must disregard facts that are not alleged on

25   the face of the complaint or contained in documents attached to

26   the complaint.").  His argument, as a result, is unavailing and

27   his claims must be dismissed in accordance with Rule 12(b)(6).

28       Because Plaintiff's third and fourth claims are improperly

pled, but further amendment is not futile, they are DISMISSED WITHOUT PREJUDICE.

### 2.   Failure to Reimburse Business Expenses (Claim Five)

California law requires employers to indemnify an employee for all necessary expenditures or losses incurred in direct consequence of an employee's discharge of duties or obedience to an employer's directions.  See Cal. Lab. Code § 2802(a).  A successful claim for a section 2802 violation alleges: "how or when an employer failed to reimburse; the specific nature of the business expense at issue; whether the employer knew such expenses were incurred; and whether the employer willfully refused to reimburse such expenses."  See Krauss, 2019 WL 6170770, at *5.  Such meritorious claims also "provide a single instance when such cost was actually incurred and not reimbursed." Chavez, 2019 WL 1367812 at *3.

Here, Plaintiff simply alleges Defendants required him and "class members to use their personal cell phones for work purposes but were not reimbursed by Defendants for these costs." See FAC ¶ 31.  Defendants argue Plaintiff's claim requires dismissal because "he has not alleged any instance or work week when he was required to use his phone to discharge his duties." See Mot. at 7.

The Court agrees with Defendants.  Because Plaintiff only generally charges Defendants required him and class members to use their phones for work without pointing to an instance when this actually occurred, his claim fails.  Again, such accusations are legal conclusions Plaintiff attempts to veil as factual

9

1    allegations, which this Court must dismiss.

2        Thus, for the foregoing reasons, Plaintiff's fifth claim is

3    DISMISSED WITHOUT PREJUDICE

4            3.   <u>Failure to Pay All Wages Upon Separation of</u>

5                 <u>Employment (Seventh Claim)</u>

6        Plaintiff's seventh cause of action alleges Defendants

7    failed to pay him all the wages he was due upon his employment's

8    termination—including accumulated vacation pay under Labor Code

9    section 227.3.  Defendants argue Plaintiff "failed to allege any

10   non-conclusory facts showing that he forfeited accrued unused

11   vacation."  Mot. at 15.  Plaintiff, in response, contends his

12   vacation claim should survive because the FAC "implies vacation

13   wages are among the wages not paid upon termination of

14   employment."  Opp'n at 9.  Plaintiff is wrong.

15       For such a claim to survive, Plaintiff "must plead the

16   existence and terms of a policy entitling them to the amount of

17   accrued vacation time alleged in their complaint to proceed with

18   this claim."  <u>Andresen v. Int'l Paper Co.</u>, No. CV13-2079-CAS

19   AJWX, 2013 WL 2285338, at *3 (C.D. Cal. May 23, 2013).  As

20   Defendants note, "Plaintiff does not allege that he qualified for

21   vacation pay, accrued it, and was denied it upon termination."

22   Mot. at 15.  Plaintiff therefore fails to sufficiently plead his

23   claims under section 227.3.

24       Accordingly, the Court DISMISSES this aspect of Plaintiff's

25   seventh cause of action WITHOUT PREJUDICE.

26            4.   <u>UCL Claim (Eighth Claim)</u>

27       The UCL prohibits "unlawful, unfair or fraudulent business

28   act[s] or practice[s]."  <u>See</u> Cal. Bus. & Prof. Code § 17200.  UCL

claims, as a result, can be based on state or federal law violations and used to secure restitution or injunctive relief—other remedies are unavailable.  See Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 452 (2005) ("The UCL limits the remedies available for UCL violations to restitution and injunctive relief.").  However, a plaintiff must demonstrate he "lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL. . . ."  Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020).  If such a showing is absent, the UCL claim cannot survive.

Here, Plaintiff predicates his UCL claim on the FAC's first seven causes of action.  For these alleged infractions, he seeks injunctive relief because "Plaintiff and class members are subjected to ongoing injury/harm for which there is not adequate remedy at law."  See FAC ¶ 99.  He also asks for restitution under California Labor Code section 246, which governs sick leave pay.  Defendants argues this Court must dismiss Plaintiff's UCL claim because Plaintiff: (1) fails to demonstrate he lacks an adequate remedy at law; and (2) does not have a private right of action under section 246.

With respect to Plaintiff's request for injunctive relief, the Court finds Plaintiff does not have standing to seek such a remedy.  Federal Courts are "required sua sponte to examine jurisdictional issues such as standing."  B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999); see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Former

1  employees—like Plaintiff—do not have standing to "seek
2  prospective injunctive relief on behalf of a putative class
3  containing both former and current employees," Brum v.
4  MarketSource, Inc., No. 2:17-CV-241-JAM-EFB, 2017 WL 2633414,
5  at *6 (E.D. Cal. June 19, 2017), like the putative classes here.
6  Plaintiff therefore cannot use the UCL to enjoin Defendants'
7  future employment practices.  Given Plaintiff's fixed status as
8  Defendants' former employee, the Court finds amendment would be
9  futile and DISMISSES Plaintiff's UCL claim for injunctive relief
10  with PREJUDICE.  See Gompper v. VISX, Inc., 298 F.3d 893, 898
11  (9th Cir. 2002) (finding leave to amend need not be granted when
12  amendment would be futile).

13      As for Plaintiff's request for restitution under section
14  246, the Court finds that Plaintiff has a private right of action
15  to pursue this avenue of relief.  See Wood v. Kaiser Foundation
16  Hospitals, 88 Cal. App. 5th 742 (2023) (California Court of
17  Appeal held private plaintiffs can seek relief based on sick
18  leave violations under the UCL); see also Lingle, 2023 WL
19  2976376, at *6 (reading Wood to mean plaintiffs have a private
20  right of action to pursue relief under the UCL in relation to
21  sick leave violations).  But the Court also finds that Plaintiff
22  has not properly alleged he lacks an adequate remedy at law to
23  make restitution under section 246 necessary.  The Labor Code
24  outlines a specific enforcement mechanism to pursue such
25  allegations.  See Cal. Lab. Code § 248.5.  Plaintiff's FAC fails
26  to address and explain why this mechanism is insufficient and
27  enforcement under the UCL preferable.
28      The Court therefore DISMISSES Plaintiff's UCL claims for

1    restitution under section 246 WITHOUT PREJUDICE.

2              5.   Class Allegations

3         Defendants ask the Court to dismiss Plaintiff's class

4    claims.  Defendants argue that Plaintiff "must allege facts that

5    would plausibly suggest that members of the putative class are

6    subjected to the same specific policies or has sufficiently

7    similar work experience. . . ."  Mot. at 12.  The crux of

8    Defendants' argument, in other words, is that Plaintiff's class

9    allegations regarding Rule 23's commonality and typicality

10   requirements fall short of Iqbal's and Twombly's Rule 8 pleading

11   standards.  See Mot. 12-14.  Although Defendants cite cases where

12   class allegations are dismissed pursuant to Rule 12(b)(6), Rule

13   8's mandate has not been held to control Rule 23 class

14   certification allegations by a binding authority on this Court.

15   Because Rule 8 and 23 operate independently, the Court finds "it

16   is incongruent to impose a Rule 8 pleading standard to the

17   elements of class certification such as commonality or

18   typicality."  Morrelli, 2019 WL 918210, at *13 (E.D. Cal.

19   Feb. 25, 2019).

20        The Court therefore DENIES Defendants' motion to dismiss

21   Plaintiff's class allegations.

22

23                   III.   ORDER

24        For the foregoing reasons, the Court construes the

25   Defendants' motion to dismiss and to strike exclusively as a

26   motion to dismiss.  The Court GRANTS in part and DENIES IN PART

27   Defendants' motion to dismiss:

28        1.   The Court DENIES Defendants' motion to dismiss

                              13

1    Plaintiff's class allegations.

2        2.    The Court GRANTS WITH LEAVE TO AMEND Defendants' motion

3    to dismiss Plaintiff's third, fourth, and fifth claims.

4        3.    The Court also GRANTS WITH LEAVE TO AMEND Plaintiff's

5    section 227.3 claim for vacation pay under his seventh cause of

6    action and section 246 restitution claim for sick leave pay under

7    his eighth cause of action.

8        4.    The Court GRANTS WITH PREJUDICE Defendants' motion to

9    dismiss Plaintiff's claims for injunctive relief under his eighth

10   cause of action pursuant to the UCL.

11       If Plaintiff elects to amend his complaint, he shall file a

12   Second Amended Complaint within twenty (20) days of this order.

13   Defendants' responsive pleading is due twenty (20) days

14   thereafter.

15           IT IS SO ORDERED.

16   Dated: June 15, 2023

17

18                                    _____

19                                    JOHN A. MENDEZ
                                      SENIOR UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

                                     14