UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB B. BENYAMIN, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TOPGOLF PAYROLL SERVICES, LLC, et al.,<br><br>Defendants. | No. 2:23-cv-00303-DAD-DB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN OF PLAINTIFF'S CLAIMS IN THE SECOND AMENDED COMPLAINT<br><br>(Doc. No. 21) |

This matter is before the court on defendants Topgolf Payroll Services, LLC; Topgolf International, Inc.; and Topgolf USA Roseville, LLC's July 25, 2023 motion to dismiss certain of plaintiff's claims asserted in his second amended complaint. (Doc. No. 21.) On August 30, 2023, the pending motion was taken under submission on the papers.[1] (Doc. No. 27.) For the reasons explained below, defendants' motion to dismiss will be granted.

**BACKGROUND**

This is a putative class action arising from defendants' alleged violation of various California wage-and-hour laws. On July 6, 2023, plaintiff Bob B. Benyamin filed the operative

/////

---

[1] That same day, August 30, 2023, this case was reassigned to the undersigned. (Doc. No. 28.)

second amended complaint ("SAC") in this action. (Doc. No. 20.) As relevant for the purposes of this motion, plaintiff alleges the following in his SAC.

Plaintiff worked for defendants from August 2016 to May 2022. (*Id.* at ¶ 9.) On average, plaintiff worked eight hours per day and five days per week. (*Id.*) Defendants were the "employer and/or joint employer" of plaintiff. (*Id.*) Defendants had a policy of not paying all wages owed, including minimum wages, overtime pay, and sick leave pay. (*Id.* at ¶ 28.) Defendants also maintained a policy of applying extreme pressure on plaintiff to meet time-sensitive deadlines imposed right before meal and rest periods. (*Id.* at ¶¶ 29, 30.) Defendants would interrupt meal or rest periods with business-related inquiries and instructions for tasks, or simply cut the breaks short. (*Id.*) Plaintiff was forced to use his personal cell phone for work purposes every day and was not reimbursed by defendants until March 2021; that belated reimbursement was still insufficient because it was paid as a wage and thus subject to taxation. (*Id.* at ¶ 31.) Defendants failed to provide plaintiff with accurate wage statements because of the unpaid wages, meal periods, and rest breaks. (*Id.* at ¶ 32.) The wage statements provided by defendants were also inaccurate because they "incorrectly identified the legal entity that was [plaintiff's] employer as 'Topgolf Payroll Services LLC.'" (*Id.*) Moreover, defendants failed to timely pay plaintiff all wages owed upon his termination for two reasons: First, because of the unpaid wages, meal periods, and rest breaks, and second, because defendants failed to pay plaintiff all of the paid time off he had accrued at the time of his termination. (*Id.* at 33.)

Based on the above allegations, plaintiff asserts the following eight claims in his SAC[2]: (1) failure to pay minimum wages in violation of §§ 246, 1194, 1194.2, 1197; (2) failure to pay overtime wages in violation of §§ 510, 1194, 1198; (3) failure to provide meal periods in violation of §§ 226.7, 512; (4) failure to permit rest breaks in violation of § 226.7; (5) failure to reimburse business expenses in violation of §§ 2800, 2802; (6) failure to provide accurate itemized wage statements in violation of § 226; (7) failure to pay all wages due upon separation

/////

---

[2] Unless otherwise noted, all citations to code sections in this order are to the California Labor Code.

2

of employment in violation of §§ 201–203, 227.3; and (8) violation of California Business and Professions Code §§ 17200, *et seq.* ("the UCL").  (Doc. No. 20 at ¶¶ 36–102.)

On February 17, 2023, defendants removed this action from Placer County Superior Court to this federal court.  (Doc. No. 1.)  Defendants moved to dismiss plaintiff's complaint on February 23, 2023.  (Doc. No. 7.)  Plaintiff filed his first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) on March 9, 2023.  (Doc. No. 11.)  Defendants filed a motion to dismiss certain claims in plaintiff's FAC on March 23, 2023.  (Doc. No. 13.)  The previously assigned district judge issued an order granting in part and denying in part that motion on June 16, 2023.  (Doc. No. 19.)  Plaintiff then filed the operative SAC on July 6, 2023.  (Doc. No. 20.)  On July 25, 2023, defendants filed the pending motion to dismiss claims 3, 4, 5, 7, and 8 in plaintiff's SAC.  (Doc. No. 21.)  Plaintiff filed his opposition brief on August 8, 2023 (Doc. No. 24); on August 18, 2023, defendants filed their reply thereto (Doc. No. 26).

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of

1  underlying facts to give fair notice" to the opposing party. *Starr v. Baca*, 652 F.3d 1202, 1216

2  (9th Cir. 2011). While Rule 8(a) does not require detailed factual allegations, "it demands more

3  than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

4  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

5  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676

6  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

7  statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that

8  it has not alleged or that the defendants have violated the . . . laws in ways that have not been

9  alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.

10 519, 526 (1983).

11     In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

12 material that is properly submitted as part of the complaint, documents that are not physically

13 attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

14 necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d.

15 668, 688–89 (9th Cir. 2001).

16                                **ANALYSIS**

17 **A.     Certain Labor Code Claims (Claims 3, 4, 5, and 7)**

18     In their pending motion and their reply brief, defendants argue that claims 3, 4, and 5 in

19 plaintiff's SAC must be dismissed because plaintiff has failed to allege which of the defendants

20 were his employer. (*See* Doc. Nos. 21-1 at 6, 7, 9, 11; 26 at 2.) Defendants argue that they are

21 "left to guess who engaged in the alleged misconduct" and that plaintiff has failed to provide any

22 of the defendants with fair notice of the basis of the claims brought against them. (Doc. No. 26 at

23 2–3.) Defendants also argue that plaintiff's claim 7, to the extent it seeks penalties related to

24 allegedly unpaid vacation pay, must be dismissed for the same reason. (*See* Doc. No. 21-1 at 12.)

25 Plaintiff argues in his opposition that defendants have forfeited this argument by failing to raise it

26 in their previously filed motions to dismiss. (*See* Doc. No. 24 at 3, 6.) As defendants point out in

27 reply, plaintiff is incorrect on this point; defendants included this argument, albeit briefly, in each

28 of their previous motions to dismiss. (*See* Doc. No. 26 at 2) (citing Doc. Nos. 7-1 at 20 ("He does

not allege . . . even the specific employer for which he worked. . . . These pleading deficiencies warrant the dismissal of the class claims."); 13-1 at 12 ("Plaintiff makes no factual allegations (a) identifying his employer out of any of the three named defendants . . . .")).

Under California law, to be an employer, an entity "must (1) 'exercise control' over the individual's 'wages, hours, or working conditions'; (2) 'suffer or permit' the individual to work; or (3) 'engage' the individual, creating a common law employment relationship." *Williams v. Costco Wholesale Corp.*, No. 20-16455, 2021 WL 5026837, at *1 (9th Cir. Oct. 29, 2021) (quoting *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010)).[3]

The court concludes that plaintiff's SAC does not "contain sufficient allegations of underlying facts to give fair notice" to defendants regarding which of them, if any, were his employer. *Starr*, 652 F.3d at 1216. Plaintiff's SAC contains undifferentiated allegations regarding defendants' alleged control over his wages, hours, and working conditions. Plaintiff also alleges that all three defendants (i.e., Topgolf Payroll Services, LLC; Topgolf International, Inc.; and Topgolf USA Roseville, LLC) were his employer during the relevant time period. (*See* Doc. No. 20 at ¶¶ 13, 15.) However, plaintiff's SAC later alleges the opposite, namely that his "wage statements incorrectly identified the legal entity that was [his] employer as 'Topgolf Payroll Services LLC.'" (*Id.* at ¶ 32.) This contradictory allegation is particularly troubling in light of plaintiff's repeated suggestion that the named defendants were his joint employers. (*See id.* at ¶ 13; *see also* Doc. No. 24 at 3 ("Defendants failed to cite any authority supporting [the argument] that plaintiff can only have one employer . . . ."), 5–6 ("Defendants ask the court to additionally require plaintiff to specifically allege . . . which of the three defendants was plaintiff's employer (as if there can only ever be one employer and never joint employment) . . . .")). In sum, plaintiff first alleges that all defendants were his employers, next alleges that defendants may have been his joint employers, and finally alleges that one of the defendants was not his employer at all. Plaintiff's confusing and contradictory allegations in this regard fail to provide "fair notice" to each defendant of the claims brought against it. *Starr*, 652 F.3d at 1216;

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5

*cf. Myles v. Builders Concrete, Inc.*, No. 1:21-cv-01309-DAD-BAK, 2022 WL 2318176, at *3 (E.D. Cal. June 28, 2022) (holding that the plaintiff had "not alleged sufficient facts supporting his alleged legal conclusion that all four defendants were his joint employers" where "the allegations of plaintiff's FAC regarding the four defendants 'are entirely undifferentiated,'" are "merely referred to by plaintiff as one 'defendant' throughout the entirety of the FAC," and "there is no attempt to allege specific facts stating how each of the four defendants employed plaintiff") (citation omitted).

Accordingly, defendants' motion to dismiss claims 3, 4, and 5, as well as claim 7 (to the extent claim 7 seeks penalties related to allegedly unpaid vacation pay), will be granted.[4] Because the noted deficiencies in plaintiff's SAC can easily be cured, leave to amend will also be granted. *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990) (holding that a district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts").

**B.     UCL Claim**

Plaintiff's UCL claim is predicated on defendants' alleged Labor Code violations underlying plaintiff's claims 1 through 7, as well as on defendants' alleged failure to pay sick leave wages in violation of California Labor Code § 246.[5] (*See* Doc. No. 20 at ¶ 94.)

Plaintiff seeks restitution and disgorgement of funds through his UCL claim. (*Id.* at 23.) However, a plaintiff "must establish that she lacks an adequate remedy at law before securing

/////

---

[4] Defendants argue that these claims must be dismissed for several additional reasons. (*See* Doc. No. 21-1 at 5–12.) Because the claims will already be dismissed, the court will not address defendants' additional arguments at this time. The court notes that it is expressing no opinion on these arguments and that, if he so desires, plaintiff may supplement his allegations in any third amended complaint in anticipation of a potential motion to dismiss.

[5] Plaintiff does not bring a claim against defendants for failure to pay sick leave wages, presumably because "courts have routinely found that § 246 does not create a private right of action." *Phoung v. Winco Holdings, Inc.*, No. 1:21-cv-02033-MCE-JDP, 2022 WL 3636369, at *6 (E.D. Cal. Aug. 23, 2022).

1   equitable restitution for past harm under the UCL . . . ." *Sonner v. Premier Nutrition Corp.*, 971
2   F.3d 834, 844 (9th Cir. 2020).

3       Defendants argue that plaintiff's UCL claim must be dismissed because plaintiff has failed
4   to allege the lack of an adequate legal remedy. (Doc. No. 21-1 at 13). Plaintiff argues in
5   response that in the "wake of *Sonner*, district courts within the Ninth Circuit [have] consistently
6   held that while an express allegation of inadequacy of legal remedies is required, seeking
7   alternative remedies at the pleading stage is still permitted." (Doc. No. 24 at 6) (quoting *Height*
8   *St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*, No. 1:21-cv-01247-JLT-BAM, 2022 WL 1665220,
9   at *9 (E.D. Cal. May 25, 2022)). Plaintiff further argues that he has alleged the inadequacy of
10  legal remedies. (*Id.*)

11      The court concludes that plaintiff has not alleged the inadequacy of legal remedies in
12  connection with his UCL claim to the extent that claim is predicated on the asserted Labor Code
13  wage-and-hour violations underlying claims 1 through 7 in his SAC. Plaintiff's only relevant
14  allegation on this point is that "[a]dministrative relief" would be inadequate. (*Id.* at ¶ 101.) The
15  only predicate act listed by plaintiff that involves administrative relief is defendants' alleged
16  failure to pay sick leave wages. For the other predicate acts, i.e., those underlying claims 1
17  through 7, statutory private rights of action permit plaintiff to seek damages in court—which of
18  course is exactly what plaintiff has done here. Consequently, the court cannot discern any
19  allegation in plaintiff's SAC that the available legal remedies would be inadequate for his UCL
20  claim except for his reference to "[a]dministrative relief," which is only applicable to defendants'
21  alleged failure to pay sick leave wages. Moreover, because plaintiff seeks only restitution
22  equivalent to the damages he is seeking via his wage-and-hour claims, plaintiff must allege why
23  those damages would be inadequate. *See Franckowiak v. Scenario Cockram USA, Inc.*, No. 20-
24  cv-08569-JFW-PVC, 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30, 2020) ("Plaintiff bases her
25  claim for restitution and injunctive relief on defendant's alleged failure to pay plaintiff and the
26  putative class members all wages owed, provide meal and rest breaks . . . and provide accurate
27  wage statements. . . . Plaintiff's UCL allegations are predicated on the identical wage and hour
28  violations alleged in plaintiff's first through seventh causes of action. Therefore, plaintiff has not,

and cannot, successfully allege that her legal remedies are inadequate because her claims for restitution and injunctive relief are premised on the allegedly unpaid wages (*i.e.*, a legal remedy).") (internal citation omitted); *Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021) ("Mish's UCL claim seeks 'restitution of all unpaid wages and other sums owed,' which is the same relief she seeks with her Labor Code claims. Therefore, Mish's own allegations show that the Labor Code provides an adequate legal remedy at law for each of her wage-and-hour claims. Since *Sonner*, courts have consistently dismissed purely derivative UCL claims in wage-and-hour actions in which damages and penalties are available for the same underlying Labor Code claims.") (internal citation omitted).

The court also concludes that plaintiff has failed to allege the inadequacy of legal remedies with respect to the remainder of his UCL claim, i.e., to the extent that claim is predicated on defendants' alleged failure to pay sick leave wages in violation of § 246. As noted, plaintiff does not bring a claim for violation of § 246, presumably because "courts have routinely found that § 246 does not create a private right of action." *Phoung*, 2022 WL 3636369, at *6. Defendants argue that an adequate legal remedy nevertheless exists because plaintiff can—and did—file an action pursuant to the Private Attorneys General Act ("PAGA") seeking damages for his alleged unpaid sick leave.[6] (Doc. No. 21-1 at 17–18; *see also* Doc. No. 22-1 at 47, 49.) Plaintiff does not respond to this argument in his opposition. Absent any argument from plaintiff that such a PAGA suit is somehow not an adequate legal remedy, the court concludes that plaintiff has failed to adequately allege the lack thereof as to the remainder of his UCL claim. *Cf.*

---

[6] Defendants request that the court take judicial notice of several purported state court actions that, defendants argue, demonstrate that plaintiff has failed to allege inadequate legal remedies. (Doc. No. 22 at 1–3.) One such action is a PAGA suit that was initiated by plaintiff against defendants on March 20, 2023 in the Placer County Superior Court, in which plaintiff seeks to recover civil penalties for, among other things, defendants' alleged failure to pay sick leave wages in violation of § 246. (Doc. No. 22-1 at 47, 49.) The court takes judicial notice of plaintiff's complaint filed in that case. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted). Because the court need not consult the other purported cases referred to in defendants' request for judicial notice in order to conclude that plaintiff has failed to allege inadequate legal remedies, defendants' request for judicial notice will be denied as to those remaining cases.

*Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH, 2020 WL 7173218, at *9 (N.D. Cal. Dec. 7, 2020) ("[P]laintiff could have pursued civil penalties for past violations of § 226.8 [the Labor Code section prohibiting the willful misclassification of individuals as independent contractors] through the Private Attorneys General Act ('PAGA') . . . . The fact that plaintiff chose not to litigate defendant's purported violation of § 226.8 as a private attorney general does not alter the existence or prior availability of such avenue.").[7]

Accordingly, defendants' motion to dismiss plaintiff's UCL claim will be granted in its entirety. Because it is not unimaginable that plaintiff may be able to cure the deficiencies in his pleadings via allegations as to the inadequacy of his legal remedies, leave to amend his UCL claim will also be granted. *See Cook*, 911 F.2d at 247. However, plaintiff should only include a UCL claim in an amended complaint if he has a good faith basis for additional allegations that the available legal remedies are inadequate.

## CONCLUSION

For the reasons explained above,

1. Defendants' motion to dismiss plaintiff's claims for failure to provide meal periods in violation of California Labor Code §§ 226.7, 512 (claim 3); failure to permit rest breaks in violation of California Labor Code § 226.7 (claim 4); failure to reimburse business expenses in violation of California Labor Code §§ 2800, 2802 (claim 5); failure to pay all wages due upon separation of employment in violation of California Labor Code §§ 201–203, 227.3 (claim 7), to the extent that claim seeks penalties related to allegedly unpaid vacation pay; and unfair competition in violation of the UCL, California Business and Professions Code §§ 17200, *et seq.* (claim 8) (Doc. No. 21) is granted;

2. Plaintiff is granted to leave to amend his complaint;

---

[7] Labor Code § 246 may also be enforced via an administrative process involving the California Labor Commissioner. *See* Cal. Lab. Code § 248.5. Plaintiff alleges that this administrative relief is inadequate for various reasons (*see* Doc. No. 20 at ¶ 101) but does not address defendants' argument that a PAGA action supplies an adequate legal remedy. Because the court agrees with defendants' argument on this point, the court need not consider plaintiff's argument as to the adequacy of administrative proceedings involving the Labor Commissioner.

3. Within twenty-one (21) days from the date of entry of this order, plaintiff shall file either a third amended complaint, or a notice of his intent not to file a third amended complaint and to proceed only on the claims not challenged by defendants in their latest motion to dismiss (Doc. No. 21); and

4. If plaintiff files a notice of his intent not to file a third amended complaint, then defendants shall file an answer as to the claims not challenged in this motion to dismiss (Doc. No. 21) within twenty-one (21) days of service of that notice.

IT IS SO ORDERED.

Dated: **February 24, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE