1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BOB B. BENYAMIN, *on behalf of himself*          No.  2:23-cv-00303-DAD-SCR
     *and others similarly situated*,
12
                          Plaintiff,
13                                                     ORDER GRANTING IN PART AND
          v.                                           DENYING IN PART DEFENDANTS'
14                                                     MOTION TO DISMISS AND GRANTING
     TOPGOLF PAYROLL SERVICES, LLC,                    LEAVE TO AMEND
15   et al.,
                                                       (Doc. No. 34)
16                        Defendants.

17

18          This matter is before the court on defendants Topgolf Payroll Services, LLC ("Topgolf

19   Payroll"); Topgolf International, Inc. ("Topgolf"); and Topgolf USA Roseville, LLC's April 5,

20   2024 motion to dismiss plaintiff's third amended complaint.  (Doc. No. 34.)  On April 29, 2024,

21   the pending motion was taken under submission on the papers.  (Doc. No. 37.)  For the reasons

22   explained below, defendants' motion to dismiss will be granted in part and denied in part.

23   Plaintiff will be granted leave to amend.

24                                   **BACKGROUND**

25          This is a putative class action arising from defendants' alleged violation of various

26   California wage-and-hour laws.  On March 18, 2024, plaintiff Bob B. Benyamin filed the

27   operative third amended complaint ("TAC") in this action.  (Doc. No. 33.)  As relevant for the

28   purposes of this motion, plaintiff alleges the following in his TAC.

                                            1

Defendants are integrated enterprises and joint employers. (*Id.* at ¶ 14.) Defendants share a corporate headquarters, licensing manager, payroll director, senior director, and "Organizational Development and Human Resources Information Systems." (*Id.* at ¶¶ 10–12, 17.) Defendants each maintained control and oversight over plaintiff, "including timekeeping, payroll, and other employment practices." (*Id.* at ¶ 26.)

Plaintiff worked for defendants from August 2016 to May 2022. (*Id.* at ¶ 9.) On average, plaintiff worked eight hours per day and five days per week, for an average of 40 hours per week. (*Id.*) Defendants were the "employer and/or joint employer" of plaintiff. (*Id.* at ¶ 31.)

Defendants maintained a policy of applying extreme pressure on plaintiff to meet time-sensitive deadlines, making it difficult to take timely, uninterrupted meal and rest breaks. (*Id.* at ¶¶ 47, 48.) This policy was exacerbated by defendants' failure to maintain adequate staffing levels to ensure coverage for meal and rest breaks. (*Id.*) Defendants would interrupt meal or rest periods with business-related inquiries and instructions for tasks, or require plaintiff to return to work before the full meal or rest break had been taken. (*Id.*) Plaintiff estimates defendants failed to provide him a timely, compliant meal period once per month throughout his employment, and failed to provide him a timely, compliant rest break during 80–90% of his shifts. (*Id.*)

Plaintiff was forced to use his personal cell phone for work purposes. (*Id.* at ¶ 49.) Specifically, plaintiff was required to use his personal cell phone each day so that defendants could call or text him with business-related inquiries. (*Id.*) Additionally, plaintiff was required to participate in an "on-call rotation" and was required to answer his personal cell phone so that defendants could call him into work. (*Id.*) Defendants knew or had reason to know that expenses had been incurred because they began paying $2.50 per pay period for cell phone expenses in March 2021. (*Id.*) That belated reimbursement was still insufficient because it was paid as a wage and thus subject to taxation. (*Id.*)

From March 16, 2020 through March 29, 2020, defendants paid plaintiff "Suppl Wages." (*Id.* at ¶ 46.) However, defendants failed to incorporate those additional funds into the regular rate of pay when calculating plaintiff's sick pay. (*Id.*) Regulators lack the resources to investigate and pursue every violation of the California sick pay statutes. (*Id.* at ¶ 119.) Pursuing

2

administrative relief as to defendants' alleged failure to properly calculate sick pay would therefore not be as prompt and certain as would be restitution, which plaintiff seeks pursuant to a claim asserted in his TAC.  (*Id.*)  Civil penalties pursuant to the Private Attorneys General Act ("PAGA") are also an inadequate remedy compared to restitution because there is no guarantee that the PAGA penalties would equate to the amount of unpaid sick wages that restitution would provide.  (*Id.*)  This is especially true, plaintiff alleges, because 75% of PAGA penalties must be paid to the California state agency on whose behalf plaintiff would bring such an action.  (*Id.*)

Plaintiff received a notice of termination and ended his employment with defendants in May 2022.  (*Id.* at ¶¶ 9, 18.)  After being terminated, he did not receive payment of all of his wages within the permissible time periods; specifically, defendants did not pay him for his unpaid wages, meal periods, and rest breaks.  (*Id.* at ¶ 51.)  Moreover, defendants maintained a policy of providing 15 days of paid time off per year.  (*Id.*)  Plaintiff qualified for paid time off under the policy and accrued vacation time but was not paid in full for time off at the time of his termination.  (*Id.*)  Defendants knew or should have known that plaintiff was entitled to the timely payment of wages due upon separation of employment and willfully failed to pay those wages. (*Id.* at ¶¶ 52, 105.)

Based on the above allegations, plaintiff asserts the following eight claims in his TAC[1]: (1) failure to pay minimum wages in violation of §§ 246, 1194, 1194.2, and 1197; (2) failure to pay overtime wages in violation of §§ 510, 1194, and 1198; (3) failure to provide meal periods in violation of §§ 226.7, 512; (4) failure to permit rest breaks in violation of § 226.7; (5) failure to reimburse business expenses in violation of §§ 2800, 2802; (6) failure to provide accurate itemized wage statements in violation of § 226; (7) failure to pay all wages due upon separation of employment in violation of §§ 201–203, 227.3; and (8) unlawful conduct in violation of

/////

/////

/////

---

[1]  Unless otherwise noted, all citations to code sections in this order are to the California Labor Code.

1  California Business and Professions Code §§ 17200, *et seq.* ("the UCL").  (Doc. No. 33 at ¶¶ 54–

2  121.)[2]

3      On February 17, 2023, defendants removed this action from Placer County Superior Court

4  to this federal court.  (Doc. No. 1.)  Defendants filed a motion to dismiss plaintiff's complaint on

5  February 23, 2023.  (Doc. No. 7.)  On March 13, 2023, that motion was denied as moot by the

6  previously-assigned district judge in light of plaintiff timely filing his first amended complaint

7  ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  (Doc. Nos. 11, 12.)

8  Defendants then filed a motion to dismiss certain claims asserted in plaintiff's FAC on March 23,

9  2023.  (Doc. No. 13.)  The previously-assigned district judge issued an order granting in part and

10  denying in part that motion on June 16, 2023.  (Doc. No. 19.)  Plaintiff then filed a second

11  amended complaint ("SAC") on July 6, 2023.  (Doc. No. 20.)  On July 25, 2023, defendants filed

12  a motion to dismiss certain of plaintiff's claims asserted in his second amended complaint.  (Doc.

13  No. 21.)[3]  The court granted that motion on February 26, 2024.  (Doc. Nos. 21, 32.)  Plaintiff filed

14  the operative TAC on March 18, 2024.  (Doc. No. 33.)  Defendants filed the pending motion to

15  dismiss plaintiff's TAC on April 5, 2024.  (Doc. No. 34.)  Plaintiff filed his opposition brief on

16  April 19, 2024 (Doc. No. 36); on April 29, 2024, defendants filed their reply thereto (Doc.

17  No. 38).

18                                  **LEGAL STANDARD**

19      The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

20  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

21  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

22  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

23  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

24  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

25  _____

26  [2]  The court has omitted plaintiff's allegations in support of his minimum wage, overtime, and
    wage statement claims from this background section because defendants do not challenge those

27  allegations as insufficient.

28  [3]  This case was reassigned to the undersigned on August 30, 2023.  (Doc. No. 28.)

                                        4

1    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

3    *Iqbal*, 556 U.S. 662, 678 (2009).

4           In determining whether a complaint states a claim on which relief may be granted, the

5    court accepts as true the allegations in the complaint and construes the allegations in the light

6    most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

7    the court need not assume the truth of legal conclusions cast in the form of factual allegations.

8    *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o be entitled to the

9    presumption of truth, allegations in a complaint . . . must contain sufficient allegations of

10   underlying facts to give fair notice" to the opposing party.  *Starr v. Baca*, 652 F.3d 1202, 1216

11   (9th Cir. 2011).  While Rule 8(a) does not require detailed factual allegations, "it demands more

12   than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

13   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

14   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676

15   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that

17   it has not alleged or that the defendants have violated the . . . laws in ways that have not been

18   alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.

19   519, 526 (1983).

20          In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

21   material that is properly submitted as part of the complaint, documents that are not physically

22   attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

23   necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d

24   668, 688–89 (9th Cir. 2001).

25                                        **ANALYSIS**

26   **A.      Integrated Enterprise and Joint Employer Status as to All Claims**

27          In his TAC, plaintiff alleges that defendants are "integrated enterprises" or, in the

28   alternative, "joint employers," and that defendants all "have directly or indirectly employed

1    plaintiff and class members . . . ." (Doc. No. 33 at ¶ 14.) In their pending motion, defendants

2    argue that all of plaintiff's claims asserted in the TAC must be dismissed because plaintiff has

3    failed to sufficiently allege that defendants were his joint employers. (Doc. No. 34-1 at 9–13.)

4           1.    Plaintiff's Integrated Enterprise Theory

5           "Federal courts in California apply the 'integrated enterprise' test to claims arising from

6    alleged violations of the California Labor Code where a plaintiff seeks to hold the parent

7    corporation liable for California Labor Code violations." *Reyna v. WestRock Co.*, No. 20-cv-

8    01666-BLF, 2020 WL 5074390, at *4 (N.D. Cal. Aug. 24, 2020). "In these cases, in determining

9    whether two entities are liable as an integrated enterprise courts consider four factors:

10   (1) centralized control of labor relations; (2) interrelation of operations; (3) common

11   management; and (4) common ownership or financial control." *Id.* (citing *Laird v. Capital

12   Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998), *overruled on other grounds by Reid v.

13   Google*, 50 Cal. 4th 512 (2010)).

14          In their motion, defendants do not address or challenge plaintiff's allegations that

15   defendants are an integrated enterprise. Instead, defendants argue that all of plaintiff's claims

16   must be dismissed because they are premised on allegations that defendants were plaintiff's joint

17   employers. (Doc. No. 34-1 at 9–13.) In opposition, plaintiff argues that "defendants entirely

18   ignore the numerous allegations in the TAC regarding defendants' integrated enterprises by

19   arguing that plaintiff has failed to allege [] plausible joint employer liability . . . ." (Doc. No. 36

20   at 10.) Plaintiff devotes approximately two pages in his opposition to his argument that he has

21   sufficiently alleged defendants' integrated enterprise status. (*See id.* at 10–12.) Nonetheless,

22   defendants address plaintiff's integrated enterprise theory for the first time merely in a footnote in

23   defendants' reply brief, arguing only that "plaintiff's 'integrated enterprise' allegations fail to

24   salvage the TAC" because plaintiff "still fails to include any specific facts on who paid his salary

25   and taxes, who set his salary, who owned the equipment necessary for him to perform his job, and

26   who had the authority to hire, train, fire or discipline him." (*Id.* at 10 n.1) (citing *Perez v. DNC

27   Parks & Resorts at Asilomar, Inc.* ("*Perez I*"), No. 1:19-cv-00484-DAD-SAB, 2019 WL

28   5618169, at *7 (E.D. Cal. Oct. 31, 2019)).

6

1    "The district court need not consider arguments raised for the first time in a reply brief."

2    *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  The court additionally notes that in its

3    decision in *Perez I* the court stated that a plaintiff "must allege some specific facts such as

4    whether 'defendant pays the employee's salary and taxes, owns the equipment necessary for the

5    employee to perform his job, [or] has authority to hire, train, fire, or discipline the employee'" in

6    order to state "a plausible *joint employer* claim"—not to sufficiently allege an integrated

7    enterprise.  *Perez I*, 2019 WL 5618169, at *7.  Accordingly, the court declines to consider

8    defendants' two-sentence long argument in this regard, raised for the first time in a footnote in

9    their reply and relying entirely on authority addressing a different legal issue.

10        2.    Plaintiff's Joint Employer Theory

11    Defendants also argue that plaintiff has failed to adequately allege their joint employer

12    status.  (Doc. No. 34-1 at 9–13.)  However, defendants "have not pointed to any authority

13    demonstrating that [they] may attack portions of a single claim on a motion to dismiss."  *Doe v.*

14    *Napa Valley Unified Sch. Dist.*, No. 17-cv-03753-SK, 2018 WL 4859978, at *2 (N.D. Cal.

15    Apr. 24, 2018).  Because the court will deny defendants' motion to dismiss all of plaintiff's

16    claims brought on the basis of integrated enterprise liability, the court does not consider whether

17    plaintiff has separately failed to state a claim under an independent theory of liability.  *See Bilek*

18    *v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) ("But we need not reach all three agency

19    theories here.  Since '[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal

20    dismissal of *parts* of claims,' our inquiry is limited to only whether Bilek's complaint 'includes

21    factual allegations that state a plausible claim for relief.'  . . .  Bilek states a plausible claim for

22    relief under his actual authority theory of agency liability, so we start and end there."); *see also*

23    *Franklin v. Midwest Recovery Sys., LLC*, No. 18-cv-02085-JLS-DFM, 2020 WL 3213676, at *1

24    (C.D. Cal. Mar. 9, 2020) (collecting cases where district courts in the Ninth Circuit have

25    concluded that a defendant may not challenge part of a claim under Rule 12(b)(6)); *Snell v. G4S*

26    *Secure Sols. (USA) Inc.*, 424 F. Supp. 3d 892, 903–04 (E.D. Cal. 2019) ("[The court] cannot

27    /////

28    /////

1  partially dismiss either of the two causes of action under Rule 12(b)(6) as it would be

2  procedurally improper.").[4]

3  **B.    Meal and Rest Periods (Claims 3 and 4)**

4       "California law requires an employer to provide its non-exempt employees with a thirty-

5  minute meal period for every five hours of work." *Perez v. DNC Parks & Resorts at Asilomar,*

6  *Inc.* ("*Perez III*"), No. 1:19-cv-00484-DAD-SAB, 2022 WL 411422, at *4 (E.D. Cal. Feb. 10,

7  2022); *see also* Cal. Lab. Code §§ 226.7, 512.  Plaintiff alleges that his employers were also

8  required to provide him and the purported class members with 10-minute rest breaks for each four

9  hours worked pursuant to California Labor Code § 226.7 and the applicable IWC Wage Orders.

10  (Doc. No. 33 at ¶¶ 82–88.)  "[A]n employer may not undermine a formal policy of providing

11  meal breaks by pressuring employees to perform their duties in ways that omit breaks." *Brinker*

12  *Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1040 (2012).  "The employer satisfies this

13  obligation if it relieves its employees of all duty, relinquishes control over their activities and

14  permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not

15  impede or discourage them from doing so." *Id.*; *see also Boyack v. Regis Corp.*, 812 F. App'x

16  428, 431 n.3 (9th Cir. 2020) ("*Brinker*'s meal period requirements have been applied to rest break

17  claims.") (citing *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 260, 265 (2016)).[5]

18       Defendants argue that plaintiff's claims for failure to provide meal and rest periods must

19  be dismissed on the grounds that plaintiff has failed to allege a specific instance where he was

20  denied a meal or rest break as required by the Ninth Circuit's decision in *Landers v. Quality*

21  *Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), and that plaintiff has also not sufficiently alleged a

22  policy or practice causing the alleged meal and rest break violations.  (Doc. No. 34-1 at 14–17.)

23

24  [4]  The court notes that Rule 12(b)(6) is different in this regard from Rule 56, which expressly

25  permits a party to move for summary judgment in its favor as to a "part of [a] claim . . . on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  Of course, defendants' motion to dismiss

26  will be denied without prejudice to the filing of a motion for summary judgment at the appropriate time as to plaintiff's integrated enterprise and joint employer theories of liability.

27

28  [5]  Citation to the unpublished Ninth Circuit decisions throughout this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

In opposition, plaintiff argues that he has alleged instances where he was denied meal and rest breaks, and that he has also alleged how defendants' policies and practices prevented him from taking his breaks. (Doc. No. 36 at 13–16.) Defendants argue in reply that plaintiff has failed "to even identify a single workweek where an alleged violation occurred." (Doc. No. 38 at 15.)

> 1.    The Appropriate *Landers* Standard

In *Landers* the Ninth Circuit addressed the sufficiency of a pleading alleging a failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 771 F.3d at 641.[6] In that decision, the Ninth Circuit concluded that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646. The court also noted that a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.

The parties disagree over the application of *Landers* in this case. The undersigned has previously recognized that the question as to precisely how the decision in *Landers* is to be applied has been the source of some disagreement among district courts. *See Boone v. Amazon.com Servs.*, *LLC*, 562 F. Supp. 3d 1103, 1123 (E.D. Cal. 2022); *Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *3 (E.D. Cal. July 8, 2019) (collecting cases). Some courts have concluded that *Landers* imposes a demanding pleading standard on meal and rest break claims. *See, e.g.*, *Boian v. Schneider Logistic Transloading & Distrib., Inc.*, No. 20-cv-00109-MWF-AFM, 2020 WL 5356707, at *8 (C.D. Cal. May 28, 2020) ("The Ninth Circuit requires a plaintiff to allege actual *dates* of occurrences of any purported break violations,

---

[6] While plaintiff's claims in this case are premised on California law instead of the FLSA, *Landers* has nevertheless been found to be instructive as to the pleading standard applicable to such claims. *See, e.g.*, *Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) ("Appellants' rest break violation claim also falls short of the requirements of *Landers*."); *Perez III*, 2022 WL 411422, at *4 (applying *Landers* to the plaintiffs' meal and rest break claims).

1   or at least allege *one* workweek with missed meal and rest breaks, which Plaintiff fails to do

2   here.").  Other district courts have rejected a "hypertechnical reading" of *Landers,* rejecting any

3   interpretation of it that would "require plaintiffs to pinpoint specific dates to survive a motion to

4   dismiss." *Turner v. LTF Club Mgmt. Co.*, No. 2:20-cv-00046-KJM-JDP, 2022 WL 1018498, at

5   *2–*5 (E.D. Cal. Apr. 5, 2022) (concluding that language in *Landers*, as well as in unpublished

6   Ninth Circuit opinions issued after *Landers*, suggests "that *Landers* does not impose a heightened

7   pleading standard for wage-and-hour claims" and "declin[ing] to read *Landers* as requiring

8   plaintiffs to identify a specific date or time frame for which they were deprived of overtime pay,

9   minimum wages, a meal break, or a rest break").  Still others purport to chart a third course,

10  finding that *Landers* requires "at minimum, a complaint must include plausible factual allegations

11  that the plaintiff was a victim of the defendant's alleged violation of the labor laws" and that

12  "[a]llegations that speak only to class members generally are insufficient to state a claim." *Yorba*

13  *v. Gov't Empls. Ins. Co.*, No. 24-cv-00031-GPC-VET, 2024 WL 3448090, at *4 (S.D. Cal.

14  July 17, 2024).

15      The court is persuaded by and adopts the reasoning of the decisions finding that *Landers*

16  does not impose a heightened pleading standard on wage-and-hour claims and that a plaintiff

17  need not allege, for instance, specific dates in their complaint.  *See Turner*, 2022 WL 1018498, at

18  *2–*5; *Caballero v. W. Refin. Retail, LLC*, No. 21-cv-00018-VAP-SK, 2021 WL 2935309, at *2–

19  *4 (C.D. Cal. Mar. 23, 2021).  Two unpublished Ninth Circuit decisions support the court's

20  conclusion in this regard.  In the first, the Ninth Circuit found that the plaintiff's "allegations

21  satisf[ied] the pleading requirements of *Landers*" with respect to his unpaid wages claim where

22  the plaintiff had "identified tasks for which he was not paid and alleged that he regularly worked

23  more than eight hours in a day and forty hours in a week." *Boon v. Canon Bus. Sols., Inc.*, 592 F.

24  App'x 631, 632 (9th Cir. 2015).  In the second, by contrast, the Ninth Circuit held that the

25  plaintiffs had "failed to allege a single workweek in which [the defendants] impeded or

26  discouraged [the plaintiffs] from taking rest breaks" where the only relevant allegation was a

27  "reference to [the defendant's] employee handbook." *Boyack v. Regis Corp.*, 812 F. App'x 428,

28  431 (9th Cir. 2020).  That handbook "authorized rest breaks 'for each 4 hours you work.'"

1   *Boyack v. Salon Mgmt. Corp.*, No. 18-cv-01233-AG-DFM, 2019 WL 1744855, at *4 (C.D. Cal.

2   Feb. 11, 2019), *aff'd* 812 F. App'x 428.  The Ninth Circuit found that the "reference [to the

3   handbook] alone does not meet the requirements of *Landers* because it does not provide facts

4   demonstrating at least one workweek in which [the plaintiffs] were *personally* deprived of rest

5   breaks."  *Boyack*, 812 F. App'x at 431 (emphasis added).[7]  The district courts' dismissals of the

6   respective claims being reversed in *Boon* but affirmed in *Boyack* is consistent with the Ninth

7   Circuit affirming the dismissal of the FLSA claim in *Landers* because "Landers 'merely alleged

8   that [he was] not paid for overtime hours worked,'" which was insufficient to nudge the claim

9   over the line from "possibility" to "plausibility."  *Landers*, 771 F.3d at 646 (alterations in

10  original).  Another judge of this court has persuasively harmonized *Boon* and *Landers* in the

11  following way:

12          Plaintiffs' allegations in [*Pruell v. Caritas Christi*, 678 F.3d 10 (1st
            Cir. 2012), a decision cited approvingly by the Ninth Circuit in
13          *Landers*]—that they had "regularly worked hours over forty in a
            week and were not compensated for such time"—is almost exactly
14          the same as one of Boon's allegations, that "he regularly worked
            more than eight hours in a day and forty hours in a week." *Boon*, 592
15          F. App'x at 632.  Without more, such an allegation would likely be
            dismissed under *Landers*.  But as the Ninth Circuit noted, Boon
16          included more in his complaint.  *See id.* ("Boon *identified tasks for
            which he was not paid* and alleged that he regularly worked more
17          than eight hours in a day and forty hours in a week." (emphasis
            added)).  Boon's additional pleadings are what presumably nudged
18          his complaint "from the realm of mere conjecture to the realm of
            plausibility," notwithstanding the complaint's not identifying a
19          specific calendar week.

20  *Turner*, 2022 WL 1018498, at *4.

21  /////

22

23  ---
    [7]  The court notes that district courts in the Ninth Circuit appear to be divided even over how to
    interpret the decisions in *Boyack* and *Boon*.  *Compare Azizpor v. Lowe's Home Ctrs., LLC*,
24  No. 23-cv-00452-LL-DDL, 2024 WL 1349650, at *3 (S.D. Cal. Mar. 29, 2024) ("[I]n two non-
    precedential cases, the Ninth Circuit reached slightly different conclusions about how to apply
25  *Landers*."), *with Cabellero*, 2021 WL 2935309, at *3 ("Defendant's argument that the Ninth
    Circuit's decision in *Boyack* dictates a different result is not persuasive. . . .  Notably, the
26  appellants in *Boyack* failed to allege even the basic facts that were pled in *Boon*.").  After
    reviewing the paucity of the plaintiffs' allegations presented in *Boyack*, the court finds the district
27  court's decision in *Caballero* to be persuasive and also finds the decisions in *Boon* with *Boyack* to
    be consistent with one another.
28

2.      The Application of *Landers* in This Case

Plaintiff's claims asserted in his FAC for failure to provide meal and rest periods were dismissed with leave to amend in an order issued by the previously-assigned district judge.  (Doc. No. 19 at 4–9.)  In that order, the court concluded that plaintiff's allegations in his FAC were largely conclusory and that plaintiff had failed to include sufficient factual allegations in support of his claims.  (*Id.* at 5–8.)

Plaintiff now does not merely allege that he was denied meal and rest breaks in conclusory fashion, but instead provides factual allegations sufficient to state his claims.  Plaintiff alleges in his TAC that he worked on average eight hours per day, five days per week, and 40 hours per week from approximately August 2016 to May 2022; that defendants' policies of understaffing and of applying extreme pressure on plaintiff to meet service standards made it difficult to take timely, uninterrupted meal and rest breaks; that defendants failed to provide plaintiff with an uninterrupted meal break once per month; and that defendants failed to provide plaintiff with an uninterrupted rest break during 80–90% of his shifts.  (Doc. No. 33 at ¶¶ 9, 47, 48.)  Critically, plaintiff also provides new factual allegations in his TAC that defendants required him to finish orders for customers by strict, time-sensitive deadlines, even if it resulted in late or missed meal periods or short or missed rest breaks, and that defendants interrupted plaintiff during his meal and rest breaks with business-related inquiries, instructions for tasks, or to require him to return to work before the full breaks had been taken.  (*Id.* at ¶¶ 47, 48.)

Plaintiff has thereby alleged his regular working hours (eight hours per day, five days per week), the policy pursuant to which defendants interrupted his meal and rest breaks in violation of California law (being required to finish orders for customers even if it resulted in late or missed breaks, as well as interruptions and instructions to return to work), the frequency with which he personally experienced such violations (once per month and during 80–90% of shifts), and the time period during which these violations occurred (from August 2016 through May 2022).  *Cf. Turner*, 2022 WL 1018498, at *6 (dismissing the plaintiff's claim in part because he did not allege "when the alleged violations happened or how often they happened" or "whether these violations happened once a month or every workday").  Moreover, plaintiff has alleged that he

1  regularly worked more than five hours in a day—the minimum number of hours required to be

2  entitled to a 30-minute meal period—and identified the alleged reasons for him being forced to

3  delay or miss his meal and rest breaks.  Considering the factual allegations in the light most

4  favorable to plaintiff, this is sufficient to satisfy the requirements of *Landers* at this stage of the

5  litigation.  *See Boon*, 592 F.3d at 632 ("Boon identified tasks for which he was not paid and

6  alleged that he regularly worked more than eight hours in a day and forty hours in a week.");

7  *Rodriguez v. Belfor USA Grp.*, No. 22-cv-02071-VKD, 2022 WL 1814257, at *6 (N.D. Cal.

8  June 2, 2022) (finding the plaintiff's allegations "sufficient to support a plausible inference that

9  instances of meal-break and rest-period violations occurred" where the plaintiff alleged delaying

10  or being forced to work through his meal break once per month and foregoing his rest breaks

11  seven times per week "due to understaffing, the heavy workload, and pressure to meet inspection

12  deadlines," as well as having his meal periods "interrupted and/or shortened to discuss work-

13  related tasks with Defendants' managers"); *Martinez v. Hub Grp. Trucking, Inc.*, No. 20-cv-

14  01384-JAK-SP, 2021 WL 937671, at *6 (C.D. Cal. Jan. 11, 2021) (denying the defendants'

15  motion to dismiss the plaintiff's meal and rest break claims pursuant to *Landers* where the

16  plaintiff had alleged that he and other drivers "worked shifts of eight hours or more" and were

17  "required 'to be responsive to their cellular telephones and tablets while on any purported

18  breaks'" but "did not identify specific weeks when he was denied a rest break"); *Sagastume v.*

19  *Psychemedics Corp.*, No. 20-cv-06624-DSF-GJS, 2020 WL 8175597, at *4 (C.D. Cal. Nov. 30,

20  2020) ("As in *Boon*, Sagastume has described 'tasks for which [s]he was not paid' and has

21  alleged that Psychemedics 'regularly' violated the provisions giving rise to her claim—even

22  identifying that the violations happened four times a week.") (alterations in original) (internal

23  citations omitted); *Ismail v. Am. Airlines, Inc.*, No. 22-cv-01111-DMG-JPR, 2023 WL 5504932,

24  at *4 (C.D. Cal. July 14, 2023) ("Ismail's language implies that [meal and rest break] violation[s]

25  [were] likely to have occurred in any given work week during his employment, which may

26  obviate the necessity of naming specific incidents.  His allegations therefore track those found to

27  be sufficient in *Boon*.").

28  /////

1    Defendants argue that plaintiff's allegations regarding workload, understaffing, and

2    pressure to complete his duties are insufficient, without more, to comply with the pleading

3    requirements imposed by the decision in *Landers*.  (Doc. Nos. 34-1 at 19–20; 38 at 15.)  Rather,

4    defendants argue, plaintiff must allege some affirmative conduct by defendants that precluded

5    him from taking compliant breaks.  (Doc. No. 38 at 15.)  Plaintiff counters that his allegations

6    suffice on this point.  (Doc. No. 36 at 14) (citing *Parsittie v. Schneider Logistics, Inc.*, 859 F.

7    App'x 106, 108 (9th Cir. 2021)).

8    The court agrees with plaintiff in this regard.  The plaintiff in *Parsittie* alleged that he was

9    not provided with 30-minute meal periods approximately five days per week and 10-minute rest

10    breaks approximately three to five days per week due to, among other things, the defendants

11    "imposing so much work on each employee such that it made it unlikely that an employee would

12    be able to take their breaks if they wanted to finish their work on time" and "productivity

13    requirements that required Plaintiff and the putative class to work through their meal periods in

14    order to complete their assignments on time."  Third Amended Complaint, at ¶¶ 22, 26–30,

15    *Parsittie v. Schneider Logistics, Inc.*, No. 19-cv-03981-MWF-AFM, 2019 WL 11637218 (C.D.

16    Cal. Dec. 13, 2019).  The district court dismissed plaintiff's meal and rest break claims based on

17    allegations of overwork and understaffing because "while it would be illegal for Defendants to

18    'pressure employees to perform their duties in ways that omit breaks,' facts must be pled to show

19    'that these rest breaks were in essence impermissibly denied rather than skipped by choice

20    because [the plaintiff] felt rushed.'"  *Parsittie v. Schneider Logistics, Inc.*, No. 19-cv-03981-

21    MWF-AFM, 2020 WL 212003, at *6 (C.D. Cal. Apr. 3, 2020).  The Ninth Circuit reversed,

22    finding that the plaintiff had sufficiently alleged that the defendant had "discouraged [the

23    plaintiff] from taking breaks by assigning more work than he could complete in an eight-hour

24    shift" and by setting "productivity requirements" that caused employees to work through their

25    meal and rest periods, all in violation of the California Supreme Court's decision in *Brinker*.

26    /////

27    /////

28    /////

14

*Parsittie*, 859 F. App'x at 108.  The court finds the Ninth Circuit's decision in *Parsittie* to be persuasive.

Accordingly, the court finds plaintiff's allegations that defendants required him to finish orders for customers even if it resulted in late or missed meal or rest periods to be sufficient to state a cognizable claim.  (*See* Doc. No. 33 at ¶¶ 47, 48); *Perez III*, 2022 WL 411422, at *5 (denying the defendants' motion to dismiss the plaintiffs' meal and rest break claims where the plaintiffs had alleged that the defendants understaffed facilities and required the plaintiffs to complete tasks even if it meant delaying their meal breaks).  The court also finds that plaintiff's allegations that defendants interrupted his breaks with business-related inquiries, instructions for tasks, or to require him to return to work—thereby actually causing plaintiff to take shortened breaks—are independently sufficient to state a claim for meal and rest break violations under the California Supreme Court's decisions in *Brinker* and *Augustus*.  *See Parsittie*, 859 F. App'x at 108 ("An employer may not dictate the way employees spend their breaks or discourage them from taking the full statutorily protected time.") (citing *Augustus*, 2 Cal. 5th 257); *Augustus*, 2 Cal. 5th at 270 (holding that "a rest period means an interval of time free from labor, work, or any other employment-related duties" and that "responding when the employer seeks contact with the employee, and performing other work if the employer so requests," is "irreconcilable with employees' retention of freedom to use rest periods for their own purposes"); *Rodriguez*, 2022 WL 1814257, at *6 (denying the defendants' motion to dismiss the plaintiff's meal and rest break claims where the plaintiff alleged his breaks were "interrupted and/or shortened to discuss work-related tasks with Defendants' managers"); *Dawson v. Hitco Carbon Composites, Inc.*, No. 16-cv-07337-PSG-FFM, 2017 WL 7806561, at *3 (C.D. Cal. Aug. 3, 2017) (finding that the plaintiff had remedied prior deficiencies in his pleadings by newly alleging that the defendant had interrupted his breaks with business-related inquiries, instructions for tasks, or to require plaintiff to return to work before the breaks had elapsed).

/////

/////

/////

1    Accordingly, in light of plaintiff's new allegations in his TAC, defendants' motion to

2    dismiss plaintiff's meal and rest break claims will be denied.[8]

3    **C.    Failure to Reimburse Expenses (Claim 5)**

4    Defendants move to dismiss plaintiff's claim for failure to reimburse business expenses

5    pursuant to California Labor Code § 2802.  (Doc. No. 34-1 at 19–21.)  To state a claim for failure

6    to reimburse expenditures, a plaintiff must allege:  "(1) the employee made expenditures or

7    incurred losses; (2) the expenditures or losses were incurred in direct consequence of the

8    employee's discharge of his or her duties, or obedience to the directions of the employer; and

9    (3) the expenditures or losses were necessary."  *Gallano v. Burlington Coat Factory of Cal.*, 67

10   Cal. App. 5th 953, 960 (2021).  "[W]hen employees must use their personal cell phones for work

11   related calls, [California] Labor Code section 2802 requires the employer to reimburse them."

12   *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (quoting *Cochran v. Schwan's*

13   *Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1140 (2014)); *see also id.* ("If the use of the personal

14   cell phone is mandatory, then reimbursement is always required, regardless of whether the

15   employee would have incurred cell phone expenses absent the job.") (citing *Cochran*, 228 Cal.

16   App. 4th at 1144).

17   In his order dismissing plaintiff's FAC, the previously-assigned district judge found

18   plaintiff's claim for failure to reimburse business expenses in violation of California Labor Code

19   § 2802 to be deficient on the grounds that plaintiff had failed to allege an instance where the

20   claimed violation "actually occurred," and because plaintiff's allegations were mere legal

21   conclusions.  (Doc. No. 19 at 9.)  In his TAC, plaintiff provides the following additional factual

22   allegations.  Plaintiff was required to:  (1) use his personal cell phone each day so that defendants

23   "could" call or text him with business-related inquiries; (2) participate in "an on-call rotation";

24   /////

---

8  Plaintiff additionally alleges that defendants' "time records will reflect when" plaintiff "did not

25   receive a compliant meal."  (Doc. No. 33 at ¶ 47.)  Defendants argue that the court may not

26   consider such an allegation in resolving the pending motion to dismiss.  (Doc. No. 34-1 at 17.)

27   Because the court concludes that plaintiff's other allegations are sufficient to state meal and rest

28   break claims for the reasons discussed above, the court need not—and does not—consider
     plaintiff's allegation regarding defendants' records.

16

1    and (3) answer his personal cell phone so that defendants "could" call him into work.  (Doc.

2    No. 33 at ¶ 49.)

3        The court concludes that the new allegations in plaintiff's TAC do not sufficiently remedy

4    all of the deficiencies identified in the order dismissing his FAC.  While plaintiff has now alleged

5    policies pursuant to which defendants "could" have called plaintiff and caused him to incur

6    expenses, plaintiff has again failed to allege that defendants actually did so.  Accordingly,

7    defendants' motion to dismiss plaintiff's claim for failure to reimburse expenses will be granted.

8    *See Perez I*, 2019 WL 5618169, at *10 (dismissing the plaintiff's claim for unreimbursed cell

9    phone expenditures where the plaintiff did "not allege facts in his complaint identifying a single

10   specific cost that was not reimbursed"); *Wright v. Frontier Mgmt. LLC*, No. 2:19-cv-01767-JAM-

11   CKD, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021) (dismissing the plaintiff's claim for

12   failure to reimburse expenses where the plaintiffs had "fail[ed] to allege any specific instances in

13   which an employee was required to use his or her personal cell phone for work-related purposes"

14   and did "not specify whether they incurred any actual expenses related to the use of their cell

15   phones"); *Ramirez v. HV Global Mgmt. Corp.*, No. 21-cv-09955-BLF, 2022 WL 2132916, at *5

16   (N.D. Cal. June 14, 2022) (same) (quoting *Wright*, 2021 WL 2210739, at *4); *cf. Herrera v.

17   Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (reversing the district court's denial of

18   judgment on the pleadings as to the plaintiff's indemnification claim where the plaintiff had

19   alleged that "phone calls pursuant to the Call-In policy were required and occurred when

20   employees were not at the workplace," which suggested "that she may have been required to use

21   a personal cell phone and incur related costs," but where the plaintiff had "failed to include

22   specific, non-conclusory facts about how she made the calls or what costs she incurred").

23       In his opposition to defendants' motion to dismiss, plaintiff seeks leave to amend as to any

24   claim found to be deficient and contends that any such deficiencies in his allegations can be

25   corrected through an amended complaint.  (Doc. No. 36 at 22–23.)  It is the case that plaintiff has

26   provided additional factual allegations in his TAC in support of his claim for unreimbursed

27   expenses, even if the court has found those allegations to still be insufficient to state a claim.  The

28   court therefore finds leave to amend would not be futile and will, out of an abundance of caution,

17

grant plaintiff a final opportunity to amend.[9]  *See Herrera*, 953 F.3d at 1078 ("On remand, the district court may grant Herrera leave to amend the complaint to include more specific allegations.").

**D.    Waiting Time Penalties (Claim 7)**

Plaintiff brings a claim for failure to pay all wages due upon separation of employment in violation of California Labor Code §§ 201, 202, 203, and 227.3.  (Doc. No. 33 at ¶¶ 103–08.) California Labor Code §§ 201–03 regulate the payment of final wages due upon the discharge or resignation of an employee.  While § 201 covers employees terminated by their employers, § 202 covers employees who voluntarily resign.  To enforce these provisions, § 203 authorizes waiting time penalties for employers who "willfully" fail to comply with § 201 and § 202.  Through this claim, plaintiff seeks statutory penalties pursuant to § 203 on behalf of himself and the putative class members.  (*Id.*)

1.    Whether Plaintiff Has Failed to State a Claim

Defendants first argue that plaintiff has failed to allege sufficient facts in support of his waiting time penalties claim because he has failed to allege "what wages were earned but not paid, or the date he received his final paycheck, or the amount he received, or the amount he should have received."  (Doc. No. 34-1 at 21.)  The court is not persuaded by defendants' argument in this regard.  Plaintiff's waiting time penalties claim is predicated in part on his claims for unpaid wages, meal periods, and rest breaks.  (Doc. No. 33 at ¶ 51.)  The court has already concluded above that plaintiff has sufficiently alleged claims for meal and rest period violations. Moreover, defendants have not successfully challenged the sufficiency of the allegations in support of plaintiff's claims for failure to pay minimum wages and failure to pay overtime

/////

/////

/////

---

[9]  The court recognizes that if plaintiff elects to file an amended complaint it will be his fourth amended complaint.  However, the circumstances of those previous amendments also weigh in support of granting plaintiff a final opportunity to amend.

18

1    wages.[10]  Additionally, plaintiff alleges that he was terminated in May 2022.  (Doc. No. 33 at

2    ¶¶ 9, 18.)

3            Plaintiff has thereby stated a cognizable claim for waiting time penalties under §§ 201 and

4    203.  *See Meraz-Valencia v. Westlake Royal Roofing, LLC*, No. 2:22-cv-00491-DAD-AC, 2023

5    WL 2541852, at *7 (E.D. Cal. Mar. 16, 2023) (denying the defendant's motion to dismiss to the

6    extent the plaintiff's waiting time penalties claim was premised on the plaintiff's minimum and

7    overtime wage claims, which were not challenged by the defendant, and noting that "[w]ere

8    plaintiff to remedy his deficient meal break claim, then his waiting penalties claim would be

9    remedied as well"); *Johnson v. Q.E.D. Env't Sys. Inc.*, No. 16-cv-01454-WHO, 2016 WL

10   4658963, at *1, *4 (N.D. Cal. Sept. 7, 2016) (denying the defendant's motion to dismiss the

11   plaintiff's claim for failure to timely pay all final wages where the plaintiff had sufficiently

12   alleged the underlying meal break claim); *Huynh v. Jabil Inc.*, No. 22-cv-07640-WHO, 2023 WL

13   1802417, at *6 (N.D. Cal. Feb. 7, 2023) ("However, as the substantive claims [for unpaid wages

14   and missed meal and break periods] have been adequately pleaded, the derivative claim for

15   waiting time penalties survives."); *Bruno v. U.S. Renal Care, Inc.*, No. 21-cv-04617-FLA-MRW,

16   2022 WL 2439525, at *5 (C.D. Cal. July 5, 2022) (rejecting the defendant's argument that the

17   plaintiff had failed to allege "the dates of his termination, the dates of receipt of his final

18   paycheck, the amounts of his final paycheck, or the amounts for which he was unpaid" where the

19   plaintiff had alleged that he was employed "as an hourly-paid, non-exempt employee, from

20   approximately March 2020 to approximately November 2020").

21           Nor is the court persuaded by defendants' argument that plaintiff has failed to allege that

22   defendants' conduct was "willful" as required by § 203.  (Doc. No. 34-1 at 22.)  Plaintiff has

23   alleged that defendants "knew or should have known" that plaintiff and the putative class

24   members were entitled to timely payment of wages due upon separation of employment, and that

---

25   [10]  Defendants do not challenge the sufficiency of plaintiff's allegations regarding the overtime
26   and minimum wage claims, in particular.  However, as discussed above, defendants move to
     dismiss all of plaintiff's claims asserted in his TAC on the grounds that he has failed to allege
27   joint employer status.  The court has rejected this argument because defendants do not
     successfully challenge plaintiff's other theory of liability, i.e., integrated enterprise status.
28   Plaintiff's minimum wage and overtime claims will therefore be allowed to proceed.

defendants' conduct was "willful." (Doc. No. 33 at ¶¶ 51, 52, 105.) The undersigned has previously found such allegations to be sufficient and specifically rejected similar arguments to those advanced here by defendants in previous cases. *See Boone*, 562 F. Supp. 3d at 1125–27; *Meraz-Valencia*, 2023 WL 2541852, at *5–*7. Other district courts in the Ninth Circuit have accepted similar allegations regarding willfulness from plaintiffs asserting waiting time penalty claims. *See, e.g.*, *Butel v. Marathon Refin. and Logistics Servs. LLC*, 2023 WL 11195797, at *6 (C.D. Cal. Sept. 5, 2023) (citing *Boone*, 562 F. Supp. 3d at 1125). The court therefore concludes that plaintiff has sufficiently alleged that defendants' conduct was willful within the meaning of § 203.

> 2.    Whether Plaintiff Has Failed to Allege Standing under § 202

Next, defendants argue that plaintiff lacks standing to bring a claim under § 202 because he alleges that he was terminated and did not quit. (Doc. No. 34-1 at 22–23.) The court construes defendants' argument to be that plaintiff lacks standing to bring an individual claim under § 202.[11] Here, plaintiff seeks statutory penalties pursuant to § 203 (*see* Doc. No. 33 at ¶ 108),

---

[11] It is unclear from their briefing whether defendants also argue plaintiff has failed to allege standing in connection with his class claim for violation of § 202. (*See* Doc. No. 34-1 at 22–23.) In any event, courts are to "apply Rule 23, not Article III standing, to analyze purported dissimilarities between class representatives and unnamed class members." *Johnson v. Nissan N. Am., Inc.*, No. 22-16644, 2024 WL 4784367, at *2 (9th Cir. Nov. 14, 2024) (citing *Melendres v. Arpaio*, 784 F.3d 1254, 1261–62 (9th Cir. 2015)); *Melendres*, 784 F.3d at 1262 ("[O]nce the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met."). Here, defendants do not challenge plaintiff's standing to bring a waiting time penalty claim predicated on violation of § 201. Because plaintiff has sufficiently alleged standing for his § 201 claim, the standing inquiry is concluded, and his § 202 class claim is not subject to dismissal for lack of standing. *See also Alikhan v. Goodrich Corp.*, No. 17-cv-06756-DMG-RAO, 2018 WL 6333673, at *3 (C.D. Cal. June 11, 2018) (denying the defendants' motion to dismiss where they argued that the plaintiff lacked standing to bring class claims under § 202 because he was terminated and had not quit). Defendants may, of course, raise this issue again at the class certification stage. *See Mendoza v. Electrolux Home Prods., Inc.*, No. 1:20-cv-01133-DAD-BAM, 2022 WL 4082200, at *7 (E.D. Cal. 2022) ("Defendant's 'standing' objection merely raises an issue to be considered, if at all, in connection with a motion for class certification."); *but see Alikhan*, 2018 WL 6333673, at *3 ("[G]iven the similarity of the alleged injury, the Court rejects Defendants' assertion that Plaintiff lacks standing to raise claims on behalf of employees who resigned."); *Rahmatullah v. Charter Commc'ns, LLC*, No. 20-cv-00354-PSG-SP, 2021 WL 1593242, at *6 (C.D. Cal. Mar. 25, 2021) (describing the district court's decision in *Alikhan* as in line with "the majority approach here").

20

1   which permits suits predicated on violations of either § 201 or § 202.  Nothing in plaintiff's TAC

2   suggests that plaintiff has brought an individual claim under § 202, and plaintiff appears to

3   suggest in his opposition that he has not done so.[12]  (*See* Doc. No. 36 at 18–19.)  The court

4   therefore declines to grant defendants' motion to dismiss on this basis.  *See Alikhan*, 2018 WL

5   6333673, at *3 ("Moreover, there is no indication that Plaintiff is asserting a claim for a violation

6   of Labor Code section 202 in his *individual* capacity.  Therefore, the Court denies Defendants'

7   motion with regard to the SAC's waiting time penalties cause of action.").

8           3.      Waiting Time Penalties Premised on Vacation Pay

9           Defendants move to dismiss the TAC's waiting time penalties claim to the extent that

10  claim is premised on defendants' alleged failure to pay vested vacation time upon termination in

11  violation of § 227.3.  (Doc. No. 34-1 at 23–24.)  Section 227.3 provides that "whenever . . .

12  employer policy provides for paid vacations, and an employee is terminated without having taken

13  off his vested vacation time, all vested vacation shall be paid to him as wages . . . ."  Cal. Lab.

14  Code § 227.3.  "Vested vacation pay is considered earned wages and can trigger waiting time

15  penalties."  *Brodish v. New Elec. Fresno, LLC*, No. 21-cv-02945-RGK-ADS, 2021 WL 3914259,

16  at *4 (C.D. Cal. July 13, 2021).

17          Defendants argue that plaintiff has failed to allege facts such as the terms and conditions

18  of the vacation policy, how much vacation pay he had accrued and remained unused, and how

19  much of that unused vacation remained unpaid as of his termination date.  (Doc. No. 34-1 at 23–

20  24.)  Plaintiff argues in opposition that defendants have ignored the additional allegations

21  supplied in his TAC on this point.  (Doc. No. 36 at 20.)  Furthermore, plaintiff argues, the

22  authorities cited by defendants, specifically those in support of their contention that plaintiff must

23  allege more detail regarding the exact amount of unpaid vacation time, are inapposite because

24  those authorities address claims for violations of § 227.3, while plaintiff's claim is for waiting

25  time penalties under § 203.  (*Id.*)

26  /////

27

28  _____
    [12]  The court notes that plaintiff's opposition, however, is also not entirely clear in this regard.

1    As already discussed, plaintiff has sufficiently alleged facts in support of his waiting time

2  penalties claim with regard to minimum and overtime wages, as well as meal and rest breaks.

3  Plaintiff has therefore also stated a claim for waiting time penalties.  As noted above, a defendant

4  may not challenge only part of claim under Rule 12(b)(6).  *See, e.g.*, *Franklin*, 2020 WL

5  3213676, at *1 (denying the defendants' motion to dismiss where the defendants only moved to

6  dismiss the plaintiffs' UCL claim to the extent that claim was not predicated on a violation of

7  California Civil Code § 1785.25).  Consequently, defendants' motion to dismiss plaintiff's

8  waiting time penalties claim, but only to the extent that claim is predicated on plaintiff's

9  allegations regarding vacation pay, will be denied.  *See Gonzalez v. ProBuild Co.*, No. 22-cv-

10  00315-CJC-SHK, 2022 WL 4596579, at *3 (C.D. Cal. July 7, 2022) ("The Court denies

11  Defendants' motion with respect to Plaintiff's eighth cause of action [for waiting time penalties],

12  as Defendants improperly seek a piecemeal dismissal of the claim by attacking a single factual

13  theory underpinning the claim—that Defendants failed to timely pay Plaintiff his sick pay—

14  without addressing the other predicate factual theories that support the claim.").[13]

15

16  _____

[13] In any event, plaintiff's allegations are sufficient to state a claim for waiting time penalties
predicated on defendants' alleged failure to pay vacation wages.  Plaintiff alleges that defendants
maintained a policy of providing 15 days of paid time off per year, that plaintiff worked on
average five days a week for approximately six years, that he qualified for paid time off under the
policy, and that he accrued vacation time but was not paid it in full at the time of his termination.
(Doc. No. 33 at ¶¶ 9, 51.)  These factual allegations are sufficient.  *See Brodish*, 2021 WL
3914259, at *4–*5 (finding the plaintiff's allegations sufficient to state a claim for waiting time
penalties where "in his FAC Plaintiff states that Defendants did not pay out all of his paid time
off and vacation pay upon termination").  While authority regarding waiting time penalty claims
arising from vacation pay is relatively scarce, plaintiff's allegations here are also similar to those
found sufficient by district courts to state a claim for violation of the underlying statute, § 227.3.
*See, e.g.*, *Aguirre v. Aaron's, Inc.*, No. 17-cv-00297-MJL-BLM, 2018 WL 3239279, at *5 (S.D.
Cal. July 3, 2018) ("Plaintiff identifies the specific policy (floating holiday policy) and its basic
terms (forfeiture of unused floating holiday pay), and further alleges he suffered harm as a result.
Whether the floating holidays could be taken at any time or only on certain days, or how many
holidays Plaintiff has forfeited, are questions of fact which need not be resolved at the pleading
stage.") (internal citation omitted); *Perez v. Performance Food Grp., Inc.*, No. 17-cv-00357-JAK-
SK, 2017 WL 11046384, at *7–*8 (C.D. Cal. May 9, 2017) (denying the defendants' motion to
dismiss where the plaintiff had alleged "a written policy that entitled Plaintiff to 32 hours of
personal holidays per year, which he earned after 60 days of employment," and that 'Plaintiff
was required to unlawfully forfeit his unused hours of personal holiday time upon termination'").

1    Accordingly, defendant's motion to dismiss plaintiff's waiting time penalties claim will be

2    denied in all respects.[14]

3    **E.    Violation of the UCL (Claim 8)**

4    Plaintiff's UCL claim seeking equitable restitution is predicated only on defendants'

5    alleged failure to pay all sick wages earned by plaintiff in violation of § 246.  (Doc. No. 33 at

6    ¶¶ 112, 118.)  The court first considers whether plaintiff has sufficiently alleged equitable

7    jurisdiction, then considers whether plaintiff has stated a claim.  *See Guzman v. Polaris Indus.*

8    *Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) ("Equitable jurisdiction is distinct from subject matter

9    jurisdiction, although both are required for a federal court to hear the merits of an equitable

10   claim.").

11        1.    Whether Plaintiff Has Alleged the Lack of an Adequate Legal Remedy

12   Defendants first argue that the UCL claim must be dismissed because plaintiff has failed

13   to allege the lack of an adequate legal remedy in light of plaintiff's ability to seek damages via the

14   administrative process described in § 248.5, as well as plaintiff's ability to recover via a Private

15   Attorneys General Act ("PAGA") claim.[15]  (Doc. No. 34-1 at 27–32.)  Plaintiff responds that he

16   has adequately pled the lack of an adequate legal remedy in his TAC by supplying new factual

17   allegations in two ways.  (Doc. No. 36 at 21–22.)  First, by alleging that administrative relief will

18   not be as prompt and certain as equitable relief because regulators lack the resources to

19   investigate and pursue every violation of § 246.  (*Id.*; *see also* Doc. No. 33 at ¶¶ 118, 119.)

20   Second, by alleging that a PAGA claim may not seek restitution of the unpaid sick wages, but

21   instead may only seek recovery of civil penalties in an amount fixed by statute, 75% of which

22   must be paid to a California state agency.  (Doc. No. 36 at 21–22; *see also* Doc. No. 33 at ¶ 120.)

23   ─────────────────

24   [14]  Defendants also move to dismiss plaintiff's waiting time penalties claim to the extent that
     claim is premised on an alleged failure to pay sick leave at the regular rate.  (Doc. No. 34-1 at 24–
25   27.)  Defendants acknowledge that "it is not clear" whether plaintiff is asserting such a claim.
     (*Id.*)  In his opposition, plaintiff clarifies that he "is not seeking to recover Labor Code § 203
26   penalties based on his sick pay claim."  (Doc. No. 36 at 21.)  The court will therefore deny
     defendants' motion to dismiss as moot in this regard.

27
     [15]  Section 246 does not itself provide a private right of action.  *Phoung v. Winco Holdings, Inc.*,
28   No. 1:21-cv-02033-MCE-JDP, 2022 WL 3636369, at *6 (E.D. Cal. Aug. 23, 2022).

                                              23

1    In reply, defendants contend that plaintiff's additional allegations in his TAC regarding

2    administrative proceedings are legal conclusions not entitled to the presumption of truth, that

3    administrative proceedings would award plaintiff the same amount in damages that plaintiff

4    would receive through his UCL claim, and that plaintiff has not alleged that he will recover less

5    through his UCL claim than through a PAGA claim.  (Doc. No. 38 at 20–22.)

6            A plaintiff "must establish that she lacks an adequate remedy at law before securing

7    equitable restitution for past harm under the UCL . . . ."  *Sonner v. Premier Nutrition Corp.*, 971

8    F.3d 834, 844 (9th Cir. 2020).  District courts in the Ninth Circuit are split as to whether a

9    plaintiff must allege specific facts in support of an allegation that the plaintiff lacks an adequate

10   legal remedy.  *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 839–40 (E.D. Cal. 2024)

11   (collecting cases).  The undersigned need not resolve this dispute because plaintiff has alleged

12   specific facts sufficient to meet even the higher pleading standard imposed by some district

13   courts.

14           The previously-assigned district judge dismissed the UCL claim asserted by plaintiff in

15   his FAC because "the Labor Code outlines a specific enforcement mechanism" for sick pay

16   violations and plaintiff had "fail[ed] to address and explain why this mechanism is insufficient" to

17   provide an adequate legal remedy.  (Doc. No. 19 at 12.)  Other courts have dismissed similar

18   claims where the plaintiff had failed to allege why administrative proceedings would not provide

19   an adequate legal remedy.  *See, e.g.*, *Dutra v. J.R. Simplot Co.*, No. 2:21-cv-01054-TLN-CKD,

20   2023 WL 113846, at *7 n.4 (E.D. Cal. Jan. 5, 2023) ("Defendant argues Plaintiff has an adequate

21   remedy for [his UCL claim based on sick pay] under Labor Code § 248.5. . . .  Absent argument

22   or case law from Plaintiff on this issue, the Court is not persuaded this allegation [of inadequate

23   legal remedies] is sufficient . . . .").  Here, however, plaintiff has included allegations that

24   administrative relief will not be as "prompt and certain" as restitution because the relevant

25   California state agency lacks the resources to investigate and pursue every violation of § 246.

26   (*See* Doc. No. 33 at ¶ 119.)  These allegations are sufficient to survive a motion to dismiss.  *See*

27   *Sonner*, 971 F.3d at 844 n.8 (noting that a "remedy at law does not exclude one in equity unless it

28   is equally prompt and certain and in other ways efficient") (quoting *Am. Life Ins. Co. v. Stewart*,

300 U.S. 203, 214 (1937)); *cf. Lingle v. Centimark Corp.*, No. 22-cv-01471-KJM-JDP, 2023 WL 2976376, at *7 (E.D. Cal. Apr. 17, 2023) (dismissing the plaintiff's UCL claim for failure to state a claim but granting leave to amend because the plaintiff "could properly allege, in a further amended complaint, why the [UCL] would offer a more prompt and certain remedy than an enforcement action under Labor Code section 246" where the plaintiff had argued, but not alleged, that "regulators do not have [the] resources to investigate and pursue every possible violation").

Defendants also argue that plaintiff has failed to allege the inadequacy of legal remedies because plaintiff has not alleged that he will recover less via a PAGA claim than he may recover from his UCL claim.  (Doc. No. 34-1 at 32.)  The court is not persuaded by defendants' argument in this regard because PAGA only authorizes a plaintiff to seek civil penalties, which are equitable in nature and not legal remedies.  *See Cashon v. Encompass Health Rehab. Hosp. of Modesto, LLC*, No. 1:19-cv-00671-SKO, 2023 WL 6201515, at *4 (E.D. Cal. Sept. 22, 2023) ("[B]ecause a PAGA action functions as a 'substitute' for an action brought by the state government, a plaintiff suing under PAGA is limited to recovery of civil penalties only, rather than damages or unpaid wages . . . ."); *Hinds v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01431-JSW, 2022 WL 9496794, at *2 (N.D. Cal. Oct. 14, 2022) ("Plaintiffs argue that . . . the PAGA claim for penalties is legal . . . .  The Court is not persuaded.").

The court therefore concludes that plaintiff has sufficiently alleged the lack of an adequate legal remedy as to his UCL claim.  *See Colopy v. Uber Techs. Inc.*, No. 19-cv-06462-EMC, 2020 WL 3544982, at *3–*4 (finding that the plaintiffs had sufficiently alleged the lack of an adequate legal remedy as to their UCL claim predicated on sick pay violations because no private right of action existed under § 246).

### 2. Whether Plaintiff Has Sufficiently Alleged the UCL Claim

Under California law, an employee who works for the same employer for 30 days is entitled to paid sick days.  Cal. Lab. Code § 246(a)(1).  "In contrast to vested vacation benefits, employers are not required to provide wages upon termination for any accrued paid sick days."

/////

25

1     *Jacob v. CSL Plasma Inc.*, No. 24-cv-01807-MLH-DEB, 2024 WL 5130850, at *3 (S.D. Cal.

2     Dec. 16, 2024); *see also* Cal. Lab. Code § 246(g)(1).

3           Defendants argue that plaintiff's UCL claim must be dismissed for two reasons.  First,

4     because plaintiff has failed to sufficiently allege that his paid sick leave was not calculated at the

5     proper rate.  (Doc. No. 34-1 at 25.)  While plaintiff alleges that he received "Suppl Wages" from

6     March 16, 2020 to March 29, 2020 and that defendants failed to properly incorporate these wages

7     when calculating sick pay (Doc. No. 33 at ¶ 46), defendants argue that the "Suppl Wages" were a

8     discretionary payment that should not have been included in the calculation of sick pay.  (Doc.

9     No. 34-1 at 25.)  The court understands defendants to be contesting the veracity of plaintiff's

10     allegations, which it of course cannot do at the motion to dismiss stage of the litigation.  *See*

11     *Hishon*, 467 U.S. at 73 (noting that the court accepts as true the allegations in the complaint and

12     construes the allegations in the light most favorable to the plaintiff).

13           Second, defendants argue that plaintiff has failed to sufficiently allege that he accrued

14     paid sick leave days available when he missed work for a permitted reason, or that he requested

15     and was denied the use of paid sick leave.  (Doc. No. 34-1 at 25, 28.)  As an initial matter, the

16     court notes that plaintiff has alleged that he worked for defendants five days per week for

17     approximately six years, which is easily sufficient to allege his eligibility for sick pay.  (*See* Doc.

18     No. 33 at ¶ 9.)  However, the court agrees with defendants that plaintiff has failed to allege that he

19     actually used his accrued sick leave, or that he asked to use his sick leave and such a request was

20     denied by defendants.  As a result, plaintiff has failed to allege the underlying violation of § 246.

21     *See Lingle*, 2023 WL 2976376, at *6 (granting the defendant's motion to dismiss the plaintiff's

22     UCL claim predicated on failure to pay sick leave wages where the plaintiff had alleged that

23     "bonuses and zone pay were not properly accounted for when calculating . . . sick leave" but had

24     failed to allege that the defendant "refused to pay for any particular period of sick leave");

25     *Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH, 2020 WL 7173218, at *9 (N.D. Cal. Dec. 7,

26     2020) (granting the defendant's motion to dismiss the plaintiff's UCL claim predicated on a

27     violation of § 246 where the plaintiff "fail[ed] to allege that he requested to use paid sick leave or

28     that defendant denied such a request"); *cf. Ismail*, 2023 WL 5504932, at *5 (granting the

1    defendant's motion to dismiss the plaintiff's waiting time penalties claim predicated on a

2    violation of § 246 where the plaintiff did "not allege that [he] actually used any of his sick time

3    for which he was incorrectly paid").  Accordingly, defendants' motion to dismiss plaintiff's UCL

4    claim will be granted.

5            Plaintiff's UCL claim has previously been dismissed only for failure to allege the lack of

6    an adequate legal remedy.  (*See* Doc. Nos. 19 at 12; 32 at 6–9.)  The court therefore cannot

7    "determine[] that the pleading could not possibly be cured by the allegation of other facts."  *Cook,*

8    *Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

9    Plaintiff will therefore be granted leave to amend as to his UCL claim.  Nevertheless, the court

10   cautions plaintiff that "repeated failure to cure deficiencies by amendments previously allowed"

11   may constitute reason to deny leave to amend as to any future amended complaints.  *Foman v.*

12   *Davis*, 371 U.S. 178, 182 (1962).

13   **F.    Class Allegations**

14           Defendants argue that plaintiff has failed to supply the necessary factual allegations to

15   plausibly establish that the alleged violations occurred on a class-wide basis, and that plaintiff's

16   class allegations should therefore be dismissed.  (Doc. No. 34-1.)  The previously-assigned

17   district judge rejected defendants' similar argument as to the class allegations appearing in

18   plaintiff's FAC.  (*See* Doc. No. 19 at 13) ("Because Rule 8 and 23 operate independently, the

19   Court finds 'it is incongruent to impose a Rule 8 pleading standard to the elements of class

20   certification such as commonality or typicality.'").  The undersigned has also rejected similar

21   arguments in the past.  *See, e.g.*, *Perez III*, 2022 WL 411422, at *9 ("Finally, defendants seek

22   dismissal of plaintiffs' class allegations as insufficiently pled under Rule 12(b)(6).  However,

23   'compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.'")

24   (internal citation omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir.

25   1969)).  "The court therefore declines to address the issue now as it is more appropriately suited

26   for the class certification stage of this litigation."  *Id.*

27           Accordingly, defendants' motion to dismiss plaintiff's class allegations is denied without

28   prejudice to renewal at the appropriate time and through the appropriate mechanism.

**CONCLUSION**

For the reasons explained above,

1.    Defendants' motion to dismiss (Doc. No. 34) is GRANTED IN PART and

      DENIED IN PART as follows:

      a.    Plaintiff's claim for failure to reimburse business expenses in violation of

            California Labor Code § 2802 (claim 5), and claim for violation of

            California Business and Professions Code §§ 17200, *et seq.* (claim 8) are

            dismissed, with leave to amend;

      b.    Defendants' motion to dismiss (Doc. No. 34) is otherwise denied;

2.    Within twenty-one (21) days from the date of entry of this order, plaintiff shall file

      either a fourth amended complaint, or a notice of his intent not to do so and to

      proceed only on the claims found to be cognizable in this order; and

3.    If plaintiff files a notice of his intent not to file a fourth amended complaint, then

      defendants shall file an answer as to the claims found to be cognizable in this order

      within twenty-one (21) days of service of that notice.

IT IS SO ORDERED.

Dated:    **March 6, 2025**                            _Dale A. Drozd_
                                                       DALE A. DROZD
                                                       UNITED STATES DISTRICT JUDGE