UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB B. BENYAMIN,<br><br>              Plaintiff,<br><br>         v.<br><br>TOPGOLF PAYROLL SERVICES, LLC, et al.,<br><br>              Defendants. | No. 2:23-cv-00303-DAD-SCR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS CERTAIN OF PLAINTIFF'S CLAIMS<br><br>(Doc. No. 42) |

This matter is before the court on the motion to dismiss certain of plaintiff's claims filed on April 9, 2025 on behalf of defendants Topgolf Payroll Services, LLC; Topgolf International, Inc.; and Topgolf USA Roseville, LLC. (Doc. No. 42.) On April 29, 2025, the pending motion was taken under submission on the papers. (Doc. No. 45.) For the reasons explained below, defendants' motion to dismiss will be denied.

**BACKGROUND**

**A.      Factual Background**

This is a putative class action arising from defendants' alleged violation of various California wage-and-hour laws. On March 26, 2025, plaintiff Bob B. Benyamin filed the operative fourth amended complaint ("FAC") in this action. (Doc. No. 41.) As relevant for the purposes of this motion, plaintiff alleges the following in his FAC.

1

1    Plaintiff worked for defendants from August 2016 to May 2022. (*Id.* at ¶ 9.) On average, plaintiff worked eight hours per day and five days per week, for an average of 40 hours per week. (*Id.*) Defendants were the "employer and/or joint employer" of plaintiff. (*Id.* at ¶ 31.)

Plaintiff was forced to use his personal cell phone for work purposes. (*Id.* at ¶ 49.) Specifically, plaintiff was required to use his personal cell phone each day so that defendants could call or text him with business-related inquiries. (*Id.*) Defendants called or texted plaintiff approximately each workday. (*Id.*) Additionally, plaintiff was required to participate in an "on-call rotation" and was required to answer his personal cell phone so that defendants could call him into work. (*Id.*) Defendants "frequently" contacted plaintiff using his personal cell phone. (*Id.*) Defendants knew or had reason to know that expenses had been incurred because they began paying $2.50 per pay period for cell phone expenses in March 2021. (*Id.*) That belated reimbursement was still insufficient because it was paid as a wage and thus subject to taxation. (*Id.*)

Plaintiff did not receive all wages earned for work that he was required to perform. (*Id.* at ¶ 46.) Specifically, when plaintiff took sick leave that he had accrued, defendants paid out sick leave at the base rate of pay rather than at the regular rate of pay. (*Id.* at ¶ 121.) For example, from March 16, 2020 through March 29, 2020, defendants paid plaintiff "Suppl Wages." (*Id.* at ¶ 46.) But when plaintiff used 24.00 hours of sick leave during the March 27, 2020 pay period, defendants paid him sick leave at his base rate of pay and failed to adjust that rate to include the "Suppl Wages" paid to plaintiff during that same pay period. (*Id.* at ¶ 121.)

Based on the foregoing allegations, plaintiff asserts a claim against defendants for failure to reimburse business expenses in violation of California Labor Code § 2802 and a claim against defendants for failure to pay sick leave in violation of California Business and Professions Code §§ 17200, *et seq.* ("the UCL").[1]

/////

---

[1] Plaintiff asserts several other claims against defendants in his FAC based on allegations not described in this order. (*See* Doc. No. 41.) Defendants do not challenge plaintiff's other claims in the pending motion to dismiss.

2

**B.  Procedural Background**

On February 17, 2023, defendants removed this action from Placer County Superior Court to this federal court. (Doc. No. 1.) Defendants filed a motion to dismiss plaintiff's complaint on February 23, 2023. (Doc. No. 7.) On March 13, 2023, that motion was denied as moot by the previously-assigned district judge in light of plaintiff timely filing his first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. Nos. 11, 12.) Defendants then filed a motion to dismiss certain claims asserted in plaintiff's first amended complaint on March 23, 2023. (Doc. No. 13.) The previously-assigned district judge issued an order granting in part and denying in part that motion on June 16, 2023. (Doc. No. 19.) Plaintiff then filed a second amended complaint ("SAC") on July 6, 2023. (Doc. No. 20.) On July 25, 2023, defendants filed a motion to dismiss certain of plaintiff's claims asserted in his SAC. (Doc. No. 21.)[2] The court granted that motion on February 26, 2024. (Doc. Nos. 21, 32.) On March 18, 2024, plaintiff filed his third amended complaint ("TAC"). (Doc. No. 33.) Defendants filed a motion to dismiss plaintiff's TAC on April 5, 2024, which the court granted in part and denied in part. (Doc. Nos. 34, 40.) The court granted plaintiff a final opportunity to amend his pleadings. (Doc. No. 40 at 17–18.) Plaintiff filed the operative FAC on March 26, 2025. (Doc. No. 41.) Defendants filed the pending motion to dismiss certain of plaintiff's claims on April 9, 2025. (Doc. No. 42.) Plaintiff filed his opposition to the pending motion on April 23, 2025 (Doc. No. 44); on May 5, 2025, defendants filed their reply thereto (Doc. No. 46).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

---

[2]  This case was reassigned to the undersigned on August 30, 2023. (Doc. No. 28.)

1    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

3    *Iqbal*, 556 U.S. 662, 678 (2009).

4          In determining whether a complaint states a claim on which relief may be granted, the

5    court accepts as true the allegations in the complaint and construes the allegations in the light

6    most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

7    the court need not assume the truth of legal conclusions cast in the form of factual allegations.

8    *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o to be entitled to the

9    presumption of truth, allegations in a complaint . . . must contain sufficient allegations of

10   underlying facts to give fair notice" to the opposing party.  *Starr v. Baca*, 652 F.3d 1202, 1216

11   (9th Cir. 2011).  While Rule 8(a) does not require detailed factual allegations, "it demands more

12   than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

13   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

14   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676

15   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that

17   it has not alleged or that the defendants have violated the . . . laws in ways that have not been

18   alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.

19   519, 526 (1983).

20         In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

21   material that is properly submitted as part of the complaint, documents that are not physically

22   attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

23   necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d.

24   668, 688–89 (9th Cir. 2001).

25                             **ANALYSIS**

26   **A.     Failure to Reimburse Business Expenses**

27         Defendants move to dismiss plaintiff's claim for failure to reimburse business expenses

28   brought pursuant to California Labor Code § 2802.  (Doc. No. 42-1 at 7–9.)  To state a claim for

failure to reimburse expenditures, a plaintiff must allege: "(1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were necessary." *Gallano v. Burlington Coat Factory of Cal.*, 67 Cal. App. 5th 953, 960 (2021). "[W]hen employees must use their personal cell phones for work related calls, [California] Labor Code section 2802 requires the employer to reimburse them." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (quoting *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1140 (2014)); *see also id.* ("If the use of the personal cell phone is mandatory, then reimbursement is always required, regardless of whether the employee would have incurred cell phone expenses absent the job.") (citing *Cochran*, 228 Cal. App. 4th at 1144). "Thus, whether [a plaintiff] alleged sufficient facts to state a claim for reimbursement of phone expenses turns on whether it was necessary that the employees make calls and do so with phones that were not provided by the company." *Id.*

In its March 7, 2025 order granting in part defendants' motion to dismiss plaintiff's TAC, the court found plaintiff's claim for failure to reimburse business expenses to be deficient on the grounds that plaintiff had failed to allege an instance where the claimed violation "actually occurred." (Doc. No. 40 at 16.) In his FAC, plaintiff now alleges that defendants actually "called and/or texted [plaintiff] approximately each work day." (Doc. No. 41 at ¶ 49.) Plaintiff further alleges that defendants "frequently" contacted plaintiff using plaintiff's personal cell phone in order to call plaintiff into work. (*Id.*) These new allegations remedy the pleading deficiencies identified by the court in its March 7, 2025 order.

Nevertheless, defendants argue in their pending motion that plaintiff has failed to allege a single instance where the use of his personal cell phone was required for a work task, or a single instance where he requested reimbursement but was willfully refused by defendants. (Doc. No. 42-1 at 7–9.) In opposition, plaintiff contends that his allegations are sufficient, though he only cites decisions in which the district courts dismissed claims for failure to reimburse business expenses. (Doc. No. 44 at 11–13.) In reply, defendants reiterate their arguments and cite several district court decisions dismissing indemnification claims on the basis of allegations purportedly

5

similar to those advanced by plaintiff. (Doc. No. 46 at 7–10) (citing *Krauss v. Wal-Mart*, No. 2:19-cv-00830-JAM-DB, 2019 WL 6170770, at *5 (E.D. Cal. Nov. 20, 2019); *Wright v. Frontier Mgmt. LLC*, No. 2:19-cv-01767-JAM-CKD, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021); *Ramirez v. HV Global Mgmt. Corp.*, No. 21-cv-09955-BLF, 2022 WL 2132916, at *5 (N.D. Cal. June 14, 2022)).

Here, plaintiff has alleged that he was required to use his personal cell phone for work purposes each day so that defendants could call or text him with business-related inquiries, and that defendants called or texted him approximately each workday; that plaintiff was required to participate in an on-call rotation and answer his phone so that defendants could call him into work, and that defendants frequently contacted him on his personal cell phone; that defendants did not reimburse him for these costs until March 2021; and that even then the reimbursement of $2.50 per pay period was insufficient in part because it was paid as a wage and therefore subject to tax. (Doc. No. 41 at ¶ 49.) These allegations are similar to those that have commonly been found to be sufficient by district courts in the Ninth Circuit. *See, e.g.*, *Batta v. YRC Inc.*, No. 20-cv-02529-TJH, 2022 WL 18397381, at *3 (C.D. Cal. May 23, 2022) ("Batta, also, alleged that YRC failed to reimburse him for his use of his personal cell phone related to the occasions that YRC called him to come into work. . . . While Batta failed to allege the costs he incurred for using his personal cell phone, he alleged when the calls occurred—when he was off the clock— and the nature of the calls, such that the Court can reasonably infer, for purposes of this motion to dismiss, their general costs."); *Lobo v. Air-India Ltd.*, No. 20-cv-08790-WHO, 2021 WL 254312, at *4 (N.D. Cal. Jan. 26, 2021) ("Lobo alleges that Air India required her to make calls outside of her normal office hours and that she specifically used her cell phone to do so. These allegations are sufficient at this juncture.") (internal citation omitted); *Dawson v. One Call Med., Inc.*, No. 20-cv-01188-LAB-KSC, 2021 WL 5513516, at *7 (S.D. Cal. Sept. 21, 2021) ("[The plaintiff's] allegations that he was 'required to use his cell phone to download and access Defendants' application to determine his daily schedule,' that he was 'expected to use his own phone to receive calls and text messages from patients,' and that he incurred 'cell phone expenses' clear *Cochran*'s low bar.") (cleaned up).

1          The district court decisions cited by defendants in their opposition do not persuade the
2   court otherwise.  The only decisions cited by defendants that address similarly detailed
3   allegations regarding unreimbursed phone usage did not consider the Ninth Circuit's decision in
4   *Herrera* nor the California Court of Appeal's decision in *Cochran*.  *See Krauss*, 2019 WL
5   6170770, at *5; *Wright*, 2021 WL 2210739, at *4 (citing *Krauss*, 2019 WL 6170770); *Ramirez*,
6   2022 WL 2132916, at *5 (citing *Wright*, 2021 WL 2210739).  Indeed, the district judge that
7   issued the decision in *Krauss*, upon which the decisions in *Wright* and *Ramirez* rely, later
8   recognized that the plaintiff's allegations had been sufficient.  *See Krauss v. Wal-Mart, Inc.*,
9   No. 2:19-cv-00830-JAM-DB, 2020 WL 1874072, at *6 (E.D. Cal. Apr. 15, 2020) ("In its Order,
10  the Court found Plaintiff's cell phone app allegation was insufficiently pled partly because she
11  failed to allege it required a fee to download. . . . [The plaintiff] maintains such an allegation is
12  not necessary.  Plaintiff supports this argument with a case that was absent in her opposition to
13  the first motion to dismiss. . . . The Court agrees.") (internal citations omitted) (citing *Cochran*,
14  228 Cal. App. 4th at 1140).  Defendants briefly reference the Ninth Circuit's decision in *Herrera*
15  in their pending motion but do not discuss its import, and they do not cite or discuss the
16  California Court of Appeal's decision in *Cochran*.  Moreover, the other decisions cited by
17  defendants address either entirely different factual allegations or conclusory allegations that
18  merely parrot the statute, unlike the allegations of plaintiff's FAC before the court here.
19         Accordingly, defendants' motion to dismiss plaintiff's claim for failure to reimburse
20  business expenses will be denied.
21  **B.     Violation of the UCL**
22         Defendants also move to dismiss plaintiff's UCL claim seeking equitable restitution (*see*
23  Doc. No. 42-1 at 9–14), which is predicated only on defendants' alleged failure to pay all sick
24  leave wages earned by plaintiff in violation of § 246 (*see* Doc. No. 41 at ¶¶ 112, 118).[3]  *See* Cal.

---

[3] In its March 7, 2025 order, the court found that plaintiff had adequately alleged the court's equitable jurisdiction over his UCL claim in his TAC.  (*See* Doc. No. 40 at 23–25.)  Plaintiff's allegations in his FAC are identical to those found by the court to be sufficient in his TAC, and defendant does not challenge the court's conclusion in this regard in its pending motion.  (*See* Doc. No. 42-1.)

7

Lab. Code § 246(l)(1) ("Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time[.]"). Specifically, plaintiff alleges that defendants failed to include his "Suppl Wages" into his regular rate of pay when calculating his sick leave pay.

In its March 7, 2025 order, the court found that plaintiff had sufficiently alleged that if he had taken sick leave during March 2020, defendants would have calculated his sick time pay at an improper rate, but that "plaintiff has failed to allege that he actually used his accrued sick leave, or that he asked to use his sick leave and such a request was denied by defendants." (Doc. No. 40 at 26.) In his FAC, plaintiff now provides the following additional allegations: "As one example of this practice, Plaintiff used 24.00 hours of sick leave during the March 27, 2020 pay period, but Defendants paid Plaintiff sick leave at his base rate of pay, and failed to adjust the rate of pay for sick leave to include the amount of 'Suppl Wages' paid to Plaintiff during that same pay period." (Doc. No. 41 at ¶ 121.) These new allegations remedy the deficiencies identified by the court in its March 7, 2025 order. As a result, the court finds that plaintiff has adequately alleged that defendants failed to account for a portion of his wages when calculating the regular rate of pay that formed the basis of his sick pay. *Cf. Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 863 (2021) (noting that the term "regular rate of pay" under California Labor Code § 510(a) "account[s] for not only *hourly wages* but also other nondiscretionary payments for work performed by the employee") (emphasis added); *Alvarado v. Dart Container Corp. of Cal.*, 4 Cal. 5th 542, 545 (2018) (suggesting that "regular rate of pay" has the same meaning under § 246 as it does under § 510(a)).

Nevertheless, defendants argue that plaintiff's UCL claim must be dismissed for two reasons. First, defendants contend that plaintiff has failed to allege any facts showing that he

/////
/////
/////
/////
/////

8

missed work for a qualifying reason enumerated in California Labor Code § 246.5.[4] (Doc. No. 42-1 at 10) (citing *Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH, 2020 WL 7173218, at *9 (N.D. Cal. Dec. 7, 2020); *Colopy v. Uber Techs. Inc.*, No. 19-cv-06462-EMC, 2020 WL 3544982, at *3 (N.D. Cal. June 30, 2020)); (Doc. No. 46 at 19). Neither of the decisions cited by defendants suggests that plaintiff must allege that he missed work for a reason enumerated in § 246.5; in fact, neither decision cites § 246.5 at all. *See Hassell*, 2020 WL 7173218, at *9; *Colopy*, 2020 WL 3544982, at *3. Nor has the court found any authority supporting defendants' contention in this regard. The court therefore rejects defendants' first argument.

Second, defendants argue that plaintiff has failed to adequately allege that defendants calculated his sick time pay at the wrong rate. (Doc. No. 42-1 at 10–13.) Specifically, defendants contend that plaintiff's allegations regarding the "Suppl Wages" are conclusory and that the declarations of defendants' employees filed in connection with the pending motion "show[] that the 'Suppl Wages' payment was solely the result of Topgolf's discretionary decision to continue plaintiff's wages." (*Id.* at 10–11.) Defendants state that they are "not asking the court to evaluate facts" and that they "submit[] these facts to underscore the point that plaintiff has failed his Rule 8 pleading burden," but then argue that plaintiff "should not now be allowed to mischaracterize" defendants' actions. (*Id.* at 12.) Defendants' briefing leaves it unclear why defendants filed these declarations and what purpose they could serve other than to inappropriately contest the veracity of the allegations of plaintiff's FAC. In any event, the court will disregard the declarations in analyzing the pending motion to dismiss. *See Ruiz v. JCP Logistics Inc.*, No. 13-cv-01908-JLS-AN, 2015 WL 12697652, at *4 (C.D. Cal. Mar. 19, 2015) ("Defendant alternatively argues that the evidence it submitted . . . shows that it *did* properly apportion the Variable Amount Production Bonuses. . . . [T]he Court is bound to accept Ruiz's

---

[4] In their motion, defendants erroneously cite to § 248.5, rather than § 246.5. (*See* Doc. No. 42-1 at 10.) In his opposition, plaintiff correctly points out that the district court decisions in *Hassell* and *Colopy* did not require the plaintiffs in those cases to allege that they missed work for a reason enumerated in § 248.5, understandably responding to the argument made by defendants. (Doc. No. 44 at 9–10.) In reply, defendants "apologize[] for the typo referr[ing] to 248.5 instead of 246.5." (Doc. No. 46 at 19 n.1.) The court considers—and rejects—defendants' argument in this regard on the merits.

factual allegations in deciding this motion.  Defendant is free to raise its factual arguments at a later stage in the case."); *cf. id.* at *5 ("Again, however, Defendant's factual argument that the 'true ups' were discretionary and therefore gifts directly contradicts the allegations contained in the FAC.").

In support of their argument that plaintiff has failed to adequately allege that defendants miscalculated his sick time pay, defendants cite several Ninth Circuit and district court decisions in which those courts purportedly "recognized that a plaintiff cannot state a plausible regular rate claim by merely making conclusory allegations that a type of payment qualified as a non-discretionary remuneration that must be included in the regular rate."  (Doc. No. 42-1 at 13) (citing *McKinley v. Sw. Airlines Co.*, No. 15-cv-02939-AB-JPR, 2015 WL 2431644, at *6 (C.D. Cal. May 19, 2015), *aff'd*, 680 F. App'x 522 (9th Cir. 2017); *Firestone v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002)).  In fact, the cited decisions were considering preemption in the context of collective bargaining agreements and provide no support for defendants' argument.

In their reply, defendants do cite to district court decisions analyzing whether plaintiffs had sufficiently alleged the non-discretionary nature of certain payments, such that the payments must be included in the plaintiffs' regular rate of pay.  (*See* Doc. No. 46 at 13–14) (citing *Gutierrez v. Ericsson Inc.*, No. 23-cv-01665-GW-SHK, Doc. No. 29 at 6 (C.D. Cal. Nov. 29, 2023) ("Plaintiff is correct that the Court cannot at this stage resolve whether the bonuses were *in fact* discretionary; nevertheless, Plaintiff must adequately *allege* that to be the case."); *Kabasele v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:21-cv-01639-WBS-CKD, 2022 WL 229856, at *3 (E.D. Cal. Jan. 26, 2022); *Johnson v. Winco Foods, LLC*, No. 17-cv-02288-DOC-SHK, 2018 WL 6017012, at *12 (E.D. Cal. Apr. 2, 2018); *Cortez v. United Natural Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *13 (N.D. Cal. Feb. 27, 2019)).  However, these decisions cited by defendants were addressing allegations that were entirely conclusory, related to bonus payments rather than wages, or both.[5]  *See Gutierrez*, Doc. No. 29 at 6 ("Conclusory allegations that the 'bonuses are non-discretionary' coupled with references to an unspecified 'performance

---

[5] The court does not consider whether the district court decisions cited by defendants are persuasive because the court finds them to be inapposite as discussed in this order.

10

plan' involving unspecified 'business objectives' do not suffice."); *Kabasele*, 2022 WL 229856, at *4 ("Plaintiff argues that 'whether or not plaintiff specifically identifies the nature of the bonuses is irrelevant, as there is no dispute that a commission must be included.' But nowhere in her SAC does plaintiff identify any commission that should have been included beyond stating that 'the aggrieved employees were eligible for and at times received . . . commissions.' Plaintiff alleges her claim in a general and conclusory manner, which is insufficient to state a PAGA claim to the extent it relies on a regular rate of pay theory of liability.") (ellipses in original) (internal citations omitted); *Johnson*, 2018 WL 6017012, at *12 ("Plaintiff does not allege any particular facts or circumstances under which Plaintiff or other class members were given shift-differential pay, incentive pay, and or [sic] non-discretionary bonuses, which should have been calculated into their overtime rate."); *Cortez*, 2019 WL 955001, at *13 ("[T]he bare allegation that drivers received bonuses does not plausibly allege, without more, that such bonuses must be included in the regular rate of pay.").

By contrast, plaintiff here has included factual allegations regarding the timing of wages "earned for work that was required to be performed," not bonus payments. (*See* Doc. No. 41 at ¶ 46.) The court therefore finds the above decisions upon which defendants rely to be inapposite. *Cf. Ferra*, 11 Cal. 5th at 863 (noting that "regular rate of pay . . . account[s] for . . . hourly wages"). Here, drawing all inferences in plaintiff's favor as required on defendants' motion to dismiss, the court concludes that plaintiff has plausibly alleged that defendants miscalculated his sick time pay by failing to incorporate supplemental hourly wages paid by defendants from March 16, 2020 through March 29, 2020 into plaintiff's regular rate of pay.

Accordingly, defendants' motion to dismiss plaintiff's UCL claim will be denied.[6]

---

[6] Defendants also briefly argue that plaintiff lacks standing under the UCL because he has failed to allege the loss of any money or property. (Doc. No. 42-1 at 13.) The court understands defendants' argument in this regard to be derivative of the arguments already addressed above. (*See* Doc. No. 46 at 15) ("Precisely because plaintiff has failed to state any facts about the [Suppl Wages] Payment, he has failed to plausibly claim that he was not paid correct regular rates—and thus he has failed to plausibly allege that he lost any money, which is required to allege standing."). Because the court has concluded that plaintiff has sufficiently alleged the loss of money from defendants' failure to pay sick leave, the court rejects defendants' argument as to plaintiff's lack of standing under the UCL.

11

**CONCLUSION**

For the reasons discussed above:

1. Defendants' motion to dismiss certain of plaintiff's claims (Doc. No. 42) is DENIED;

2. Defendants shall file an answer responding to plaintiffs' fourth amended complaint no later than twenty-one (21) days after the date of entry of this order; and

3. The court sets this case for a status conference regarding scheduling on July 14, 2025 at 1:30PM before Judge Drozd, to be held by Zoom only. Parties will receive a Zoom ID number and password for the conference by email from Judge Drozd's Courtroom Deputy Pete Buzo (PBuzo@caed.uscourts.gov).

IT IS SO ORDERED.

Dated:  **June 10, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE